THE PEOPLE, ex rel. JAMES TRAINOR, Appellant, *v.* SAMUEL N. BAKER, Keeper, etc., Respondent.

Where the petition on application for a writ of *habeas corpus* to inquire into the cause of detention of one confined in a penitentiary did not allege that the relator was detained without a proper warrant of commitment,

and the writ did not require the keeper to return the warrant or other instrument under and by virtue of which he detained the relator, but simply required a return of the cause of his imprisonment, *held*, that certified minutes of the court showing judgment and the sentence imposed sufficiently answered the writ, and the keeper was not required to return the warrant.

*It seems* that a warrant of commitment in such case is simply an authority and direction to the sheriff or other officer to take the prisoner to the penitentiary ; he is not detained by virtue thereof, but by virtue of the judgment, and if the officer furnishes the keeper with a certified copy of the judgment, it is sufficient evidence of his authority, and he need not retain the *mittimus*.

*It seems* also if the prisoner has been properly and legally sentenced to prison he cannot be released, because of a defect in the *mittimus*. When he is safely in the proper custody, there is no office for a *mittimus* to perform.

Where the certified copy of the minutes of the court furnished the keeper imperfectly described the crime of which the prisoner was convicted, *held*, that the keeper could, upon return to a writ of *habeas corpus*, show by the records of the court what the precise crime was ; and so, that the sentence was legal, and the detention authorized.

*It seems* that this cannot be shown by parol evidence, but should be proved by the records.

Where, however, the facts were shown by affidavit without objection, *held*, that the court was authorized to hold it sufficient and to act thereon.

A certified copy of judgment described the offense of which the prisoner was convicted as " an assault and resisting an officer ; " the sentence was imprisonment for one year and a fine of $500, the prisoner to stand committed until payment, etc. *Held*, that this did not describe the crime of resisting the execution of process within the meaning of the statutory provision declaring that offense (§ 17, chap. 69, Laws of 1845), but simply showed a conviction for an assault and battery.

But *held* that if the sentence was excessive, the sentence to imprisonment for one year was authorized and the balance only could be held void ; that the prisoner, therefore, was not entitled to his discharge until the expiration of the year.

(Argued June 16, 1882 ; decided June 30, 1882.)

APPEAL from order of the General Term of the Superior Court of Buffalo, made May 15, 1882, which affirmed an order of Special Term refusing, upon a hearing on return to a writ of *habeas corpus*, to discharge the relator and remanding him back to custody.

The facts appear sufficiently in the opinion.

*Wm. W. Lyon* for appellant. The certified copy of the minutes of the Court of Sessions of Genesee county is insufficient as a warrant of commitment or a *mittimus* to the Erie county penitentiary. (Laws of 1846, chap. 77 ; Laws of 1853, chap. 587 ; Laws of 1858, chap. 139 ; Laws of 1874, chap. 209 ; 3 R. S. [6th ed.] ; 1062, § 31, Laws of 1876, chap. 108.) The minutes show that the offense with which the prisoner is charged is " an assault and resisting an officer." No such crime or offense is known under the common or statute law, and a finding of such fact by the jury will not authorize a punishment. (*People* v. *Cooper*, 13 Wend. 379.) If it should be held, that one charged with "assault and resisting an officer" may be convicted of the offense of assault, and that the allegation as to resisting is only a statement of aggravating circumstances, it leaves only the assault to be disposed of. An assault is only a misdemeanor. (2 Bish. C. L. 55 ; *Commonwealth* v. *Barlow*, 4 Mass. 439 ; *People* v. *Wilson*, 9 Cal. 259 ; *Commonwealth* v. *McLaughlin*, 12 Cush. 612 ; *People* v. *Davis*, 4 Park. Cr. 61.) Common-law punishments have been abolished. (3 R. S. 990, § 19.) Sentences must be given under and in pursuance of statutes. (3 R. S. 983, § 103 ; 56 N. Y. 324 ; *Geyger* v. *Story*, 1 Dallas [Penn.], 146 ; *Herrick* v. *Smith*, 1 Gray, 50 ; *Ex parte Lange*, 18 Wall. 163 ; *People, ex rel. Tweed*, v. *Liscomb*, 60 N. Y. 591 ; *Ex parte Paige*, 49 Mo. 293 ; *People* v. *McLeod*, 3 Hill, 661, note 32 ; *Riley* v. *State*, 16 Conn. 47 ; *Pickett* v. *State*, 22 Ohio St. 411 ; 3 Hill, 661 ; 19 Wall. 176 ; *Hanney* v. *State*, 5 Wis. 533 ; *Howell* v *State*, 1 Or. 245 ; *Elliott* v. *People*, 13 Mich. 365 ; *O'Neil* v. *People*, 15 id. 281.) Upon the return of the *habeas corpus*, the court has power either to remand the prisoner, if the sentence and process are regular, or if irregular or void, to discharge him. (Code of Civil Procedure, § 2032 ; *Sheppard* v. *People*, 25 N. Y. 419 ; *Sheppard* v. *Commonwealth*, 2 Metc. 419 ; *Christian* v. *Commonwealth*, 5 id. 230 ; *O'Leary* v. *People*, 4 Park. Cr. 187 ; *Rex* v. *Ellis*, 5 Barn. & Cress. 395 ; *King* v. *Bonnin*, 7 Ad. & Ell. 58.)

*Safford E. North* for respondent. It is not necessary that the cause of imprisonment should be stated with technical accuracy. Error, irregularity, or want of form, is no objection, nor is any defect which may be amended or remedied by further entry or motion. (*People* v. *Cavanagh,* 2 Park. Cr. 650; *People* v. *Nevens,* 1 Hill, 154; *Regina* v. *Paty,* 2 Ld. Raym. 1105; *Rex* v. *Bethel,* 5 Mod. 1923; *People* v. *McLeod,* 1 Hill, 3 77; *S. C.,* 3 id. 635, notes 31, 38; *People, ex rel. Wolf,* v. *Jacobs,* 66 N. Y. 8; *People, ex rel. Tweed,* v. *Liscomb,* 60 id. 559; 23 Wend. 638; 2 Daly, 530; *Yates* v. *Lansing,* 9 Johns. 421; *Foot* v. *Stevens,* 17 Wend. 438; *Ex parte Kellogg,* 6 Vt. 509; *Ross Case,* 2 Pick. 165; *Ex parte Kearney,* 7 Wheat. 38; *Sheriff of Middlesex,* 11 Ad. & El. 273; *Riley's Case,* 2 Pick. 172; *People* v. *Cassels,* 5 Hill, 164.) The Court of Sessions is a court of superior jurisdiction, and jurisdiction of the person upon whom it passes judgment will, therefore, be presumed. (*People* v. *Cavanagh,* 2 Park. 650; *Foot* v. *Stevens,* 17 Wend. 483; *Hart* v. *Seixas,* 21 id. 40; *People* v. *Nevens,* 1 Hill, 154; 4 Blackst. Com. 391–2; 28 N. Y. 656; *Peacock* v. *Bell,* 3 Saund. 73.) The indictment contained counts for assault and battery, and the conviction is certainly good, and the commitment sufficient for this offense. (*Matter of Sweatman,* 1 Cow. 144; *Rex* v. *Collyer,* Say, 44; *Yates Case,* 4 Johns. 3443–53; *Taff* v. *State,* 39 Conn. 82; *State* v. *James,* 37 id. 355; *Ex parte Lange,* 18 Wall. 163; *People, ex rel. Tweed,* v. *Liscomb,* 60 N. Y. 559; *People, ex rel. Wolf,* v. *Jacobs,* 66 id. 8.) The relator cannot be relieved summarily by *habeas corpus.* (Code of Civil Proc., § 2016; *People* v. *Cavanagh,* 2 Park. 650; *Matter of Percy,* 2 Daly, 530; *People* v. *Nevens,* 1 Hill, 154; *Tweed's Case,* 60 N. Y. 570.)

EARL, J. The relator was tried and convicted of a crime in the Court of Sessions of Genesee county, in January, 1882, and he was sentenced to be imprisoned in the Erie county penitentiary, for the term of one year, and to pay a fine of $500, and to stand committed in the penitentiary until the fine was paid, not exceeding one day's imprisonment for each dollar of the fine.

In pursuance of this sentence he was taken to the penitentiary and there imprisoned. Afterward in the same month, claiming that he was illegally detained in prison, he applied to a judge of the Buffalo Superior Court for a writ of *habeas corpus* that he might be discharged from such imprisonment, and the writ was granted, directed to the keeper of the penitentiary who made return thereto to the Special Term of that court that he held the relator by virtue of a warrant or *mittimus* which he produced and of which the following is a copy, to-wit:

"At a Court of Sessions held at the court-house in the village of Batavia, and for the county of Genesee, commencing on the second Monday of January, 1882.

Hon. LUCIUS N. BANGS, County Judge, presiding.

WM. S. COE, M. NELSON MOULTHROP, Session Justices.

| The People<br>*agst.*<br>James Trainor. | *Indictment for assault and resisting an officer.* |
|---|---|

Defendant indicted for an assault and resisting an officer and having been convicted of said offense by the verdict of a jury, is this 10th day of January, 1882, sentenced to be imprisoned in the Erie county penitentiary, N. Y., for the term of one year, and to pay a fine of $500, and to stand committed to said penitentiary until said fine is paid, not exceeding one day's imprisonment for each dollar of said fine.

STATE OF NEW YORK,     } *ss.:*
*Genesee County Clerk's Office,*   }

I certify that the above is a true extract from the minutes of said court kept by me as clerk thereof.

Witness the seal of said court, this 10th day of January, 1882.

{ Co. Cl'k. }
{   L. S.   }          CARLOS A. HULL, *Clerk.*"

The court, after hearing the relator and the keeper, declined to discharge the relator, and remanded him to the custody of

the keeper. From that decision the relator appealed to the General Term of the Superior Court, and from affirmance there to this court.

The statutes (Chap. 587, Laws of 1853 ; chap. 139, Laws of 1858; chap. 209, Laws of 1874, and chap. 108, Laws of 1876) seem to require that after a criminal has been sentenced to confinement in a penitentiary, a warrant of commitment shall be signed by the judge, justice or magistrate giving the sentence, or by the clerk of the court. And the claim here is that no such warrant was signed in this case or held by the keeper of the penitentiary, and that, therefore, the relator could not be detained.

There was no allegation in the petition for the writ that the relator was detained without a proper warrant of commitment, and the writ did not command the keeper to return the warrant or other instrument under or by virtue of which he detained the relator. It commanded him to return the cause of his imprisonment and detention, and the certified minutes of the court, showing the sentence imposed, sufficiently answered the writ and showed the cause of the detention.

But the relator was not detained or required to be detained by virtue of any warrant. He was detained by virtue of the judgment of the court, and that judgment was a sufficient authority for his detention. The warrant of commitment is simply an authority and direction to the sheriff or other officer to convey the prisoner to the penitentiary. That needs not necessarily to be left with the keeper. If he has no other evidence of his authority to detain the prisoner he should have that. But if the officer who brings a prisoner to the penitentiary furnished the keeper with a certified copy of the judgment of the court, then that is sufficient evidence of the keeper's authority, and he needs to have no other. A prisoner who has been properly and legally sentenced to prison cannot be released simply because there is an imperfection in what is commonly called the *mittimus*. A proper *mittimus* can, if needed, be supplied at any time, and if the prisoner is safely in the proper custody, there is no office for a *mittimus* to perform.

The further claim is made that the sentence was illegal and excessive, and that, therefore, the relator should be discharged. The district attorney of Genesee county, who appeared for the keeper, claims that the relator was convicted of the crime of resisting a sheriff in the execution of process under section 17, chapter 69 of the Laws of 1845, which reads as follows : " Every person who shall resist, or enter into a combination to resist, the execution of process shall be guilty of a misdemeanor, and be punished by imprisonment in the county jail for a term not exceeding one year, or by a fine not exceeding $1,000, or by both such fine and imprisonment in the discretion of the court." If convicted under that statute, the sentence of the relator was clearly regular and legal. But the counsel for the relator claims that the minutes of the court showed that he was not convicted of that crime, but that he was convicted simply of an assault, and that for that he could have been sentenced at most to be imprisoned for one year, and to pay a fine of $250 only. Looking at the minutes of the court below, this claim seems to be well founded. The offense there is described as an assault and resisting an officer, and that does not describe a crime under the statute above cited. Simply assaulting and resisting an officer can be nothing more than an assault and battery, and punishable as such.

But we have no doubt that if the minutes of the court furnished to the keeper imperfectly described the crime of which the relator was convicted, he could, upon the return to the writ, show by the records of the court what the precise crime was, and thus that the sentence was regular and legal, and the detention authorized thereby. It is the judgment of the court which authorizes the detention, and that can always be shown in justification of the detention. But that cannot be shown by parol evidence, but should be proved by the records of the court. If the records are imperfect, they may be amended so as to conform to the actual facts. Here, upon the hearing on the return to the writ, instead of producing or proving the records of the court by a certified copy thereof, as would have been most proper, and, indeed, required, if insisted on by the relator, the district attorney showed, by his affidavit, that the relator was actually convicted and sentenced under the

Statement of case.

statute above cited. If this form of proof was not objected to (and it does not appear to have been objected to), the court was authorized to hold it sufficient, and to act upon it.

But, even if we must hold upon all that appears in the record that the relator was convicted of a simple assault and battery, he would not be entitled to his discharge, for then the sentence to imprisonment for one year was authorized and legal. That is a separate portion of the sentence, complete in itself, and the balance of the sentence can be held void, and disregarded. The whole sentence is not illegal and void because of the excess. Such is the settled law in this State. (*Matter of Sweatman*, 1 Cow. 144; *People, ex rel. Tweed*, v. *Liscomb*, 60 N. Y. 559; 19 Am. Rep. 211; *People, ex rel. Woolf*, v. *Jacobs*, 66 N. Y. 8.) In any event, therefore, the keeper had the right to detain the relator for the one year, and that is sufficient to justify the judgment below, which should, therefore, be affirmed

All concur.

Order affirmed.