---

THE PEOPLE OF THE STATE OF NEW YORK EX REL. RICHARD STOKES, APPELLANT, v. JOSEPH H. RISELEY, SHERIFF OF ULSTER COUNTY, RESPONDENT.

*Court of Special Sessions — restrictions upon the power of, to impose a sentence upon one convicted before it — Code of Criminal Procedure, sec. 717 — habeas corpus — proper remedy for one imprisoned under a void judgment.*

The relator was convicted before a Court of Special Sessions of having disposed of personal property, upon which he had previously executed a chattel mortgage, and was sentenced to pay a fine of $250, and to stand committed to the county jail until the fine should be satisfied, not exceeding one year.

*Held*, that as the power of the Court of Special Sessions to inflict punishment is restricted by section 717 of the Code of Criminal Procedure to a fine not exceeding fifty dollars, or an imprisonment not exceeding six months, the sentence imposed upon the relator was void.

That the remedy of the relator by which to obtain a release from an illegal imprisonment under the sentence was by a writ of *habeas corpus.*

That his right to this remedy was not affected by the fact that he might have reviewed the judgment of the Court of Special Sessions by an appeal therefrom.

APPEAL from an order of the county judge of Ulster county, dismissing a writ of *habeas corpus* issued upon the application of the relator.

The relator, on the 31st day of January, 1885, was convicted before F. D. L. MONTANYE, a justice of the peace of the town of Marbletown, in Ulster county, of the crime of having disposed of personal property, upon which he had theretofore executed a mortgage, and was sentenced to pay a fine of $250, and to stand committed to the county jail of Ulster county until the fine be satisfied, not exceeding one year. Not paying the fine he was com_mitted to the county jail, whereupon he sued out a writ of *habeas corpus* before the county judge of Ulster county.

*J. N. Fiero*, for the appellant.

*A. T. Clearwater*, district attorney, for the respondent.

LANDON, J.:

The conviction of the relator was valid. (Penal Code, § 571.) He therefore is not entitled to his discharge, because he should suffer proper punishment. (*The People ex rel. Devoe* v. *Kelly*, 97 N.Y., 215.) But he was convicted before a Court of Special Sessions held by a justice of the peace. Whatever punishment a court of record might impose upon conviction for this offense a Court of Special Sessions is restricted by section 717 of the Code of Criminal Procedure; "the fine cannot exceed fifty dollars, nor the imprisonment six months." There the fine was $250 with this addition, "and stand committed to the county jail of Ulster county until the fine be satisfied, not exceeding one year." Section 718 of the Code of Criminal Procedure provides that "a judgment that the defendant pay a fine may also direct that he be imprisoned until the fine be satisfied, specifying the extent of the imprisonment which cannot exceed one day for every one dollar of the fine." These sections are in part five, entitled, "of proceeding in courts of Special Sessions and Police Courts." Section 718 is a transcript of section 484 in part four, entitled "of the proceedings in criminal actions prosecuted by indictment."

It thus seems that the days of imprisonment cannot exceed the dollars of fine in any court. We think a Court of Special Sessions

could not pronounce the sentence thus imposed. The suggestion is made that the sentence is valid to the extent of fifty dollars and a liability to fifty days' imprisonment. We think not; *non constat* that the relator would not immediately have paid the fifty dollars if that had been imposed, and thus have escaped imprisonment altogether. Two hundred and fifty dollars may be quite beyond his ability to pay. Thus the illegal sentence confines him in jail, when a legal one might not, and in this respect the case is distinguishable from *People ex rel. Trainor* v. *Baker* (89 N. Y., 460).

The *People ex rel. Devoe* v. *Kelly* is authority to the effect that a writ of *habeas corpus* is the proper remedy. The relator is detained upon an invalid judgment; it needs a valid one lawfully to detain him. Section 2016 of the Code of Civil Procedure denies *habeas corpus* to a person " where he has been committed, or is detained by virtue of the final judgment or decree of a competent tribunal." It was held in *People ex rel. Tweed* v. *Liscomb* (60 N. Y., 559), as explained *People ex rel. Woolf* v. *Jacobs* (66 id., 10), that, when in pronouncing its sentence the court has exhausted its authority, if it proceed further to impose additional sentences, such additions are void. Thus " the final judgment " must be " of a competent tribunal," and where the competency to pronounce it is exhausted, or never existed, it does not come within the definition of the final judgment as to which *habeas corpus* is ineffective.

It is suggested that the relator's remedy is by appeal. No doubt, upon appeal, the court could set aside the illegal judgment and pronounce a legal one. (Code of Crim. Pro , §§ 543, 764.) But, meantime, it is true that the relator is unlawfully detained upon an invalid sentence, and he should be speedily freed from that restraint. Since we cannot detain him upon this sentence, and in this proceeding cannot ourselves pronounce any, and as it is impracticable to remand him to the Court of Special Sessions, we must discharge him.

The order of the county judge is reversed, and the defendant discharged.

LEARNED, P. J., concurred.

Present — LEARNED, P. J., and LANDON, J.

Order reversed, and relator discharged.