DETERMINED IN

# THE SUPREME COURT

OF THE

# STATE OF CALIFORNIA.

---

[No. 20181.    Department One. — May 28, 1886.]

## EX PARTE ROBERT MITCHELL, ON HABEAS CORPUS.

CRIMINAL LAW — ASSAULT WITH DEADLY WEAPON — PUNISHMENT OF — CONSTITUTIONAL LAW. — The punishment for an assault with a deadly weapon provided for by section 245 of the Penal Code is not excessive, cruel, or unusual within the meaning of section 6 of article 1 of the constitution.

ID. — SUFFICIENCY OF VERDICT — JUDGMENT — IMPRISONMENT IN STATE PRISON. — *People* v. *Turner*, 65 Cal. 540, affirmed as to the point that where a party is informed against for an assault with intent to commit murder, and a verdict is rendered against him for an assault with a deadly weapon, the verdict is sufficient to support a judgment of imprisonment for two years in the state prison, without stating that the assault was made with the intent to commit great bodily harm.

ID. — IMPRISONMENT AS MEANS OF ENFORCING FINE. — The petitioner was convicted of an assault with a deadly weapon, and sentenced to imprisonment in the state prison for two years, and to pay a fine, and to be imprisoned in the same prison one day for every dollar of the fine. *Held*, that conceding the portion of the judgment providing for imprisonment as a means of enforcing the fine was invalid, the sentence of imprisonment as a punishment was valid, and should be enforced.

THE petitioner was charged by an information with the crime of an assault with intent to commit murder. To this information he pleaded not guilty, was tried by

a jury, who rendered a verdict against him of guilty of an assault with a deadly weapon. The judgment of the court was that he be imprisoned in the state prison at San Quentin for the term of two years, " and in addition thereto, he pay a fine of four thousand dollars, and be imprisoned in said state prison one day for every dollar of said fine," etc. The application was for a writ of *habeas corpus* to discharge him from his confinement under this judgment.

*Carroll Cook*, for Petitioner.

The punishment provided by section 245 of the Penal Code for the crime of an assault with a deadly weapon exceeds the penalty affixed to the greater offenses of assault to murder or manslaughter. The punishment is therefore excessive within the meaning of section 6 of article 1 of the constitution. (Cooley's Const. Lim. 377.) The judgment and commitment under which the petitioner is held are void, because it recites a verdict which does not find the petitioner guilty of any felony, but solely of a misdemeanor, for which no imprisonment is authorized in a state prison. The judgment is void in that it provides for the imprisonment of the petitioner in the state prison as a means of enforcing the fine. Under section 245 of the Penal Code, a punishment by fine cannot be imposed in addition to a punishment by imprisonment in the state prison. A fine can only be imposed where the imprisonment is ordered to be had in the county jail.

*S. P. Hall, contra.*

The COURT. — 1. The punishment authorized by section 245, Penal Code, is not excessive, cruel, or unusual within the meaning of section 6, article 1, of the constitution.

2. *People* v. *Turner*, 65 Cal. 540, to which we adhere, disposes of the second point made for petitioner.

3. The entire judgment is not void. . That portion of it providing for imprisonment as a means of enforcing the payment of the fine is separable from the rest. The sentence to imprisonment as a punishment is in force, and the petitioner cannot now be discharged, whatever may hereafter be his rights regarding the order of imprisonment as to the fine. Whether he will be entitled to a discharge on the expiration of the two years, we indicate no opinion.

The petitioner is remanded, and the writ discharged.