## *In re* CUMMINS.

1. CRIMINAL LAW — INDETERMINATE SENTENCE — SENTENCE FOR DEFINITE TERM.

> Under the indeterminate sentence law of 1903 (Act No. 136), a sentence for "the maximum and minimum period of five years" is for a definite period, and improper.

2. SAME—SENTENCE FOR DEFINITE TERM—VALIDITY—EFFECT.

> A definite sentence for five years for an offense for which no minimum punishment is provided is not void under the statute, but should be treated as an indeterminate sentence for the maximum period of five years and the minimum period of one year as provided by section 2 of the act.

Habeas corpus proceedings by John Cummins to secure his release from the State prison at Jackson. Submitted October 4, 1904. (Calendar No. 20,745.) Writ denied October 18, 1904.

*Michael Kenny*, for petitioner.

*Charles A. Blair*, Attorney General ( *George S. Law*, of counsel ), for the people.

MOORE, C. J. December 1, 1903, upon his plea of guilty, the petitioner was convicted of having committed the offense of larceny upon the 28th day of October, 1903. The following sentence was pronounced upon him:

" Therefore it is ordered and adjudged by the said court now here that the said John Cummins be confined in the State prison at Jackson, Michigan, at hard labor, for the maximum and minimum period of five years from and including this day."

It is the claim of the petitioner that this sentence is in violation of the indeterminate sentence law, which took effect before the crime for which the petitioner was sentenced was committed, and that the sentence is void.

By section 1, Act No. 136, Pub. Acts 1903, it was made the duty of the circuit judge to impose an indeterminate sentence upon the petitioner. Instead of doing so, he imposed a definite sentence for a certain time. The fact that it was called "for the maximum and minimum period of five years" did not change the fact that it was a sentence for a definite period of time. It does not follow, however, that, because the sentence was not imposed as required by the terms of the statute, it is void.

Section 2 of Act No. 136 reads:

"SEC. 2. If, through oversight or otherwise, any person shall be sentenced to imprisonment in the said State prisons for a definite period of time other than for life, said sentence shall not for that reason be void, but the prisoner so sentenced shall be entitled to the benefit and subject to the liabilities of this act, in the same manner and to the same extent, as if the sentence had been in the terms required in section 1 of this act: *Provided*, That in these cases where no minimum sentence is fixed by the court, the minimum limit of any such sentence in any case shall not be for a less period than one year, except in those instances where the minimum limit is now fixed or which may hereafter be fixed or provided for by law."

It has been held that Act No. 136, Pub. Acts 1903, does not repeal the general statutes providing for the punishment of crimes. *In re Lambrecht*, 137 Mich. 450. The general statute provides that for the offense for which petitioner was convicted the penalty shall not exceed five years. It does not fix a minimum term. It follows that, under the provisions of section 2, the sentence of petitioner is to be treated as though he was sentenced for the maximum period of five years and the minimum period of one year. Giving the statute this construction, there is no reason for saying the petitioner is deprived of the right to parole until his full sentence has expired.

The application for the writ is denied.

The other Justices concurred.