(57 Misc. Rep. 662.)

### PEOPLE ex rel. BARRETT v. WELLS.

### PEOPLE ex rel. LORIS v. SAME.

(Supreme Court, Special Term, Kings County. February, 1908.)

HABEAS CORPUS—ENTRY OF JUDGMENT—MINUTES.

A return to a writ of habeas corpus showed that relator was convicted of selling liquor without a license and sentenced to imprisonment. The sheriff had not received, when the writ was issued, copies of the minutes showing the entry of judgment, as provided by Code Cr. Proc. § 486. *Held*, that the certified copies of the minutes were merely evidence of the existence of process under which the detention was made, and that the prisoner was detained by virtue of a judgment, and the writ will be dismissed.

Application by the people, on the relation of John L. Barrett, for writ of habeas corpus to John S. Wells, and by the people, on the relation of Joseph Loris, for writ of habeas corpus against the same respondent. Writs dismissed.

John McGuire and Frank Crowe, for petitioners.
George A. Fursman, Dist. Atty., opposed.

CARR, J. These are proceedings by way of writs of habeas corpus to secure the discharge of two prisoners from the custody of the sheriff of Suffolk county. The petitions are in the usual form, alleging detention without lawful cause. The returns of the sheriff set forth that each of the prisoners was indicted in the county of Suffolk for the crime of selling liquor without a liquor tax license, and thereupon brought to trial before the County Court of said county in December, 1907; that said trials resulted in the conviction of the defendants, and that each of them was sentenced by the County Court as follows: In the case of the prisoner Loris, to pay a fine of $1,000 or, in default of said payment, to stand committed to the county jail 1 day for each $5 unpaid, and in addition thereto, to be confined to the county jail in the county of Suffolk for a period of 4 months. In the case of the prisoner Barrett, the sentence was to pay a fine of $1,000 or, in default of payment, to stand committed to the county jail 1 day for each $5 unpaid and, in addition thereto, that he be confined to the county jail in the county of Suffolk for a period of 90 days.

While these returns were traversed by the petitioners, no evidence was given to show that their contents were not in fact true. The peti-

tioners contended that, at the time the writ was issued, the sheriff had not received from the County Court the certified copies of the minutes showing the entry of the judgment, as provided by section 486 of the Code of Criminal Procedure, and that, therefore, at that time the detention of each of the prisoners was unlawful. No doubt if, when the counsel for the petitioners called at the jail at Riverhead, the sheriff had in his possession and was able to produce these certified copies of the minutes, no application for these writs would have been made, and the court would have been saved the vexation of a hearing and a decision, and the prisoners and their counsel saved the expense of a long journey from Riverhead to Brooklyn; but, assuming that the sheriff did not have these certified copies at the time the writ was issued, his detention of the prisoners was not thereby unlawful, for as a matter of fact the judgment referred to in the return had been actually made. It is by virtue of the judgment, and not by virtue of the certified copies of the minutes, that the sheriff holds the prisoners. These certified copies of the minutes are intended by law as evidence of the existence of the process under which the detention is to be made and nothing more. They serve the purpose of the old mittimus. It has been held repeatedly that, where a judgment is had and is sufficient, a defective mittimus will not entitle the prisoners to their liberty. The principle of these decisions is just as applicable as where there is no mittimus at all. People ex rel. Trainor v. Baker, 89 N. Y. 460; People ex rel. Tweed v. Liscomb, 60 N. Y. 569, 19 Am. Rep. 211.

The learned counsel for the relators cites the decision in Re Doo Woon (D. C.) 18 Fed. 898, to the effect that, where the taking and the detention of the prisoner is unlawful at the time of the issuance of the writ, the prisoner must be discharged, notwithstanding sufficient process has been obtained before the return of the writ. In that case the prisoner was taken, originally, by virtue of a warrant of extradition which was insufficient on its face. Between the issuance of the writ and its return a new and sufficient warrant was obtained; but the court held that the prisoner's right to discharge must be determined as of the time of his taking and original detention. This case is readily distinguishable from the situation at bar. Here the prisoners were committed by virtue of a judgment which is amply sufficient on its face.

The writs are dismissed, and the prisoners remanded, to be detained under the authority of the judgment of conviction and sentence.

Writs dismissed, and prisoners remanded.