JOSEPH WALLACE,

Petitioner for Writ of Habeas Corpus,

*vs.*

T. HERBERT WHITE, Sheriff.

Penobscot.   Opinion December 26, 1916.

*Writ of habeas corpus.   Revised Statutes, Chapter 29, Section 3, interpreted. Affirmation of sentences.   Rights of Court under Section 63, Chapter 29, Revised Statutes.   Rule where sentence is simply in excess of or in addition to what would be a legal sentence.   Sentence being severable.   Right of prisoner, who is held on an illegal sentence, to demand discharge where the sentence is or may be severable.   Rule where sentence is not severable.   Mittimus. Rule as to granting writs of habeas corpus for defects in matters of form only.   Rule where persons have received a legal and proper sentence but have been remanded to jail or prison upon a defective mittimus.*

1.   It is competent for the legislature to provide that when one has been convicted of a misdemeanor in an inferior court, has been sentenced to

VOL. CXV **33**

· fine, or imprisonment, or both, has appealed, and has defaulted in the appellate court, the sentence may be affirmed by the latter court in his absence.

2. When on appeal from an inferior court, sentence is affirmed, it is the duty of the clerk to issue mittimus as a matter of course, without special order.

3. When on appeal from an inferior court, sentence is affirmed, in the absence of the respondent, the mittimus may be framed to serve as a capias as well as mittimus.

4. Under Revised Statutes, chapter 29, section 63, which provides that in appeals in cases of violation of the prohibitory liquor law, "if the respondent fails to appear for trial, the judgment of the court below shall be affirmed," the court has no authority in affirming sentence to impose additional costs.

5. When on appeal, the sentence imposed by the inferior court is affirmed, with the unauthorized addition of costs on appeal, the two parts of the sentence are severable. The authorized part may be in force, while the unauthorized part is void.

6. When a person has been convicted, or is in execution upon legal process, criminal or civil, the granting to him of a writ of habeas corpus is discretionary. If the judgment against him is void, as for want of jurisdiction, he is entitled to his discharge, but not if the sentence be merely erroneous.

7. An excessive sentence is merely erroneous and voidable. The whole sentence is not illegal and void by reason of the excess. On habeas corpus, it is to be regarded as invalid only as to the excess.

8. When a sentence is for a longer period than prescribed by law, and is severable, the prisoner is not entitled to be discharged on habeas corpus proceedings until he has served the definite prescribed term.

9. If a sentence is erroneous, and not severable, the prisoner, upon habeas corpus proceedings, is to be remanded for a legal sentence.

10. When a prisoner has been committed in execution of sentence, he will not be discharged on habeas corpus proceedings, because of a defect in the mittimus.

11. The petitioner in this case was sentenced in the lower court to imprisonment, and to the payment of fine and costs. On appeal he was defaulted, and the sentence below was affirmed with additional costs. *Held,* that the sentence was not wholly void, but void only as to the additional costs, and that, not having served the lawful sentence of imprisonment and not having paid the fine and costs lawfully imposed by the lower court, the petitioner is not entitled to discharge on habeas corpus.

Petition for writ of habeas corpus brought at April term, 1916, Supreme Judicial Court, Penobscot county. Case was reported to Law Court upon agreed statement of facts. Writ discharged.

Petitioner remanded to the custody of the jailer in execution of sentence.

Case stated in opinion.

*Edward P. Murray, and Terence B. Towle* for petitioner.

*William B. Pierce, County Attorney, and Charles J. Hutchings,* for defendant.

SITTING: SAVAGE, C. J., KING, BIRD, HALEY, HANSON, PHILBROOK, MADIGAN, JJ.

SAVAGE, C. J. Petition for writ of habeas corpus. The cause comes before this court on report. The facts are these: The defendant was convicted in the Bangor municipal court on two search and seizure processes, under section 49 of chapter 29 of the Revised Statutes, which chapter is the prohibitory liquor statute. On each process he was sentenced to pay a fine and costs, and to be imprisoned 60 days in the county jail. He appealed on each, and gave bail for his appearance at the next term of the Supreme Judicial Court. He did not appear at that term, but was defaulted; and in each case the judgment of the court below was affirmed, with additional costs, amounting to $3.30, in his absence. After the adjournment of the term, the clerk issued mittimuses upon the affirmed judgments, as of course, without special order, and the petitioner was arrested thereon by the sheriff's deputy, and committed to jail in execution of the sentences. From this imprisonment he seeks to be released on habeas corpus.

The affirmation of the sentences was made by virtue of Revised Statutes, ch. 29, sect. 63, which provides that in appeals in cases of violation of the liquor law, "if a claimant or other respondent fails to appear for trial in the appellate court, the judgment of the court below, if against him, shall be affirmed." The word "judgment" in this statute refers not only to the adjudication of guilt, but also to the sentence imposed, the entire judgment. Such appears to have been the intent of the Legislature, and such has been the construction placed upon it in all cases.

Each mittimus contained an order to the officer "to take the body" of the petitioner and commit him to jail.

The petitioner contends, 1, that since the petitioner was not in court at the time of the affirmation of sentence, the court had no jurisdiction over him to impose the payment of costs as a part of the sentence in addition to the original sentence; 2, that the clerk without special direction of the court had no authority to issue a mittimus by which the petitioner could be taken wherever he might be found, as well as in court.

By the common law, when imprisonment is to be inflicted as a punishment, it is absolutely necessary that the respondent be personally present. I Bishop on Criminal Procedure, sect. 275. But it is not claimed by counsel for the petitioner that it is not competent for the Legislature to provide that when one has been convicted of a misdemeanor, has been sentenced to imprisonment by an inferior court, has appealed, and has defaulted in the appellate court, the sentence may be affirmed by the latter court, in his absence. Such a statute violates no constitutional guaranty, and we know of no reason why it is not within legislative power.

The petitioner's contention is that the appellate court in this case by affirming the sentence below and imposing additional costs, virtually imposed a new sentence, that if the petitioner failed to pay the additional costs, as well as the original fine and costs, he was subject to additional imprisonment for at least thirty days, R. S., ch. 136, sect. 12, and that such a sentence could not lawfully be imposed in the absence of the petitioner. In this case it is not very material whether the additional detention for non-payment of the fine is a punishment or not, for certainly the penalty was increased by the amount of the additional costs. Some courts have held that the detention is not a punishment, but only a mode of enforcing the fine. *Son* v. *The People,* 12 Wend., 344; *People* v. *Markham,* 7 Calif., 208.

We will examine first the authority of the appellate court to impose the additional costs. The statute in terms merely authorizes the court to affirm the judgment below. It is silent on the matter of costs. By R. S., ch. 136, sect. 1, it is expressly provided that for violations of section 49 of chapter 29 the convict shall be sentenced to pay costs, and this was the section violated by the petitioner. But in the lower court this provision was complied with.

He was sentenced to pay costs. And the affirmance of that sentence likewise condemned him to pay those costs. So that if section 1 of chapter 136 applies to proceedings under section 63 of chapter 29, it was complied with. A reference to R. S., ch. 133, section 18 will, we think, throw some light on the question of legislative intention. That section relates to appeals in general from magistrates. It says: "If the appellant does not appear and prosecute his appeal, his default shall be noted on the record; and the court may . . . issue a capias against the body of the appellant, bring him into court, and then affirm the sentence of the magistrate *with additional costs.*" The distinction between the two statutes seems to be marked. In the one the respondent must be brought into court before the sentence is affirmed with additional costs. In the other, the sentence can be affirmed in the absence of the respondent but the statute is silent as to costs. We think this distinction in language should be observed in construction, and that it should be held that the statute, R. S., ch. 29, sect. 63, authorizing the appellate court to affirm a sentence did not authorize it to add to it or in any way change it.

The statute, however, is permissive. It does not require affirmation of sentence. If the appellate court is of opinion that the sentence below should be modified, increased or lessened, it can issue capias, have the respondent brought before it, and impose such sentence as the law authorizes and justice requires. In this case the appellant was not brought into court, but notwithstanding, the sentence was increased by the amount of the costs. To that extent, we think the appellate court exceeded its authority.

But it by no means follows that the petitioner is entitled to be discharged on habeas corpus. This was not, as the petitioner claims, the imposition of a new sentence. The old sentence was affirmed, and was right. The addition was unauthorized, and wrong. The two are severable. The unauthorized part may be void, and at the same time the authorized part in force.

The granting or refusing the writ in this case is discretionary. *O'Malia* v. *Wentworth,* 65 Maine, 129. "Persons convicted, or in execution upon legal process, criminal or civil, are not entitled of right to have the writ of habeas corpus." R. S., ch. 101, sect. 5.

But it is a discretion to be exercised according to settled legal principles, so far as they apply. And one principle is that if the judgment is void, as for want of jurisdiction, the prisoner is entitled to his discharge, but not if it is merely erroneous. See *In re Fenton*, 55 Neb., 703; and cases cited in note to same case in 70 Am. St. Rep., 418; *Re Taylor*, 7 S. Dak., 382; 45 L. R. A., 136, note.

Though there is some conflict in the cases, the very great weight of authority is to the effect that a sentence which imposes a punishment in excess of the power of the court to impose it is not necessarily void in toto, but is valid, when severable, to the extent that the court had power to impose it, although void as to the excess. Mr. Church in his work on Habeas Corpus says,—"A judgment is not void because an excessive punishment has been imposed, except as to the excess." Sect. 370. And again in sect. 373,—"The prevailing rule is that an excessive sentence is merely erroneous and voidable; that the whole sentence is not illegal and void because of the excess; that it is not void ab initio; and that it is good on habeas corpus so far as the power of the court extends, and invalid only as to the excess." This doctrine is sustained by *People* v. *Jacobs*, 66 N. Y., 8; *People* v. *Baker*, 89 N. Y., 460; *People* v. *Markham*, 7 Cal., 208; *Ex parte Mitchell*, 70 Cal., 1; *Ex parte Erdmann*, 88 Cal., 579; *In re Graham*, 77 Wis., 450; *Lowrey* v. *Hogan*, 85 Cal., 400; *Ex parte Mooney*, 26 W. Va., 36; *Ex parte Crenshaw*, 80 Mo., 447; *Ex parte Shaw*, 7 Ohio St., 81; *Ex parte Van Hagan*, 25 Ohio St., 427; *State* v. *Klock*, 48 La. Ann., 67, and cases cited in note to same case in 55 Am. St. Rep., 259; *In re Graham*, 138 U. S., 461; *Brooks* v. *Commonwealth*, 4 Leigh, 669; *Feeley's* case, 12 Cush., 598; *Sennott's* case, 146 Mass., 489. In the last cited case the court said, "The better rule seems to be that where a court has jurisdiction of the person and of the offense, the imposition by mistake of a sentence in excess of what the law permits is within the jurisdiction, and does not render the sentence void, but only voidable by proceedings upon a writ of error."

It is also generally held that when the sentence is for a longer period than prescribed by law the prisoner is not entitled to be discharged on habeas corpus until he has served the prescribed

definite term.. *People* v. *Markham,* supra; *Ex parte Mooney,* 26 W. Va., 36; *In re Taylor,* 7 S. Dak., 382; *In re Paschal,* 56 Kansas, 123; *DeBarra* v. *U. S.,* 99 Fed. R., 982; *In re Fenton,* supra; *People* v. *Baker,* supra; *Feeley's* case, supra. *In re Swamp,* 150 U. S., a contempt case, but analogous on the question at issue to the case at bar, the court said,—"As the prisoner has neither restored the goods nor suffered the imprisonment for three months, even if it was not within the power of the court to require payment of costs, and its judgment to that extent exceeded its authority, yet he cannot be discharged on habeas corpus until he has performed so much of the judgment, or served out so much of the sentence, as was within the power of the court to impose."

If a court has jurisdiction of the person and cause, the fact that the sentence is excessive or otherwise erroneous is not ground for discharge on habeas corpus. A writ of habeas corpus cannot reach errors or irregularities which render proceedings voidable merely, but only such defects in substance as render the judgment or process absolutely void. *Ex parte Keeler,* 45 S. C., 537; *Barton* v. *Saunders,* 16 Or., 51; *State* v. *Kinmore,* 54 Minn., 135. The writ of habeas corpus does not perform the function of a writ of error. *Sennott's* case, 146 Mass., 489; *Ex parte Mooney,* 26 W. Va., 36; *People* v. *Baker,* 89 N. Y., 460; *In re Graham,* 74 Wis., 450; *Ex parte Crenshaw,* 80 Mo., 447. If the sentence is severable, the prisoner should not be discharged until he has served out the valid portion of his sentence. *Re Sweatman,* 1 Cow., 144; *People* v. *Woodworth,* 78 Hun., 586; *People* v. *Baker,* supra; *Ex parte Mooney,* supra; *Re Paschal,* supra; *Ex parte Henshaw,* 73 Cal., 486; *Ex parte Hunter,* 16 Fla., 575; *In re Swann,* supra. If it is not severable, he should be remanded for a legal sentence. In *People* v. *Kelly,* 97 N. Y., 212, a case where the sentence was excessive and not severable, the court said, "But the conviction is still valid, and the prisoner not entitled to his discharge. He should be remanded to the sheriff in order that the court may deal with him according to law. See *Feeley's* case, supra; *U. S.* v. *Pridgeon,* 153 U. S., 48. There are many other cases to the same effect. See note to *Re Taylor,* 45 L. R. A., p. 145.

We conclude, then, upon this branch of the case, that the imposition of additional costs in the appellate court was in excess of jurisdiction, but that this excess is clearly severable from the sentence affirmed, namely, imprisonment and the payment of a fine and costs. We also hold that the sentence was not wholly void, but void only for the excess. The petitioner has not served out the lawful sentence of imprisonment, and has not paid the fine and costs which were lawfully imposed. In accordance with the principles stated he is not entitled to be discharged on habeas corpus. If he is detained after he has served the jail sentence and has paid the fine and costs lawfully imposed, he will be entitled to a writ. Even if the sentence had not been severable he would not be entitled to a discharge. In that event he would be remanded for sentence. The case of *Tuttle* v. *Lang,* 100 Maine, 123, cited by the petitioner, is not analogous.

But the petitioner makes the further point that the mittimus was irregularly issued. He complains that the clerk issued it without a special order, and that without an order from the court he had no authority to issue a process by which the petitioner could be arrested. As we understand it, the contention is that while the clerk may, as a ministerial act, and as of course, without special order, issue a mittimus to commit a prisoner already in court to jail in execution of sentence, he cannot issue process to take the body and commit a convict not then in court.

We think there is no merit in the contention. The statute authorizing affirmation of sentence presupposes that the respondent is not in court, and that he is to be taken and committed. The issuing of proper process to carry the judgment of court into effect is a ministerial act. It is the duty of the clerk to issue the mittimus as a matter of course. There is no prescribed form for a mittimus. The statute, R. S., ch. 136, sect. 10, provides only that the clerk shall make out and deliver to the officer a transcript of the minutes of the conviction and sentence duly certified by him; which shall be sufficient authority for the officer to execute such sentence." The clerk must make the mittimus to fit the case. It is important only as a direction to the officer. *Sennott's* case, supra. The mittimus in this case was framed to serve as a capias as well as

mittimus. That was what the situation called for. It was lawfully issued. There is nothing in *Breton, Petr.,* 93 Maine, 39, cited by the petitioner, which is inconsistent with what is said in this case.

But were it otherwise, it would not avail the petitioner in this proceeding. It is the judgment of the court which authorizes detention. The mittimus is the evidence of the officer's authority. *People* v. *Baker,* 89 N. Y., 460. The judgment is the real thing, the precept is not. The important question on habeas corpus is, is the prisoner in the custody where the judgment commanded him to be put, and not how he was taken into custody. The writ of habeas corpus will not be granted unless the real and substantial merits of the case demand it. The writ will not be granted for defects in matters of form only; nor can it be used as a substitute for a writ of error. *O'Malia* v. *Wentworth,* 65 Maine, 129; *Welch* v. *Sheriff,* 95 Maine, 451. Said the court in *People* v. *Baker,* supra, "If a prisoner has been properly and legally sentenced to prison he cannot be released on habeas corpus because of a defect in the mittimus. When he is safely in the proper custody, there is no office for a mittimus to perform." *Sennott's* case, supra. This is ancient doctrine. As far back as *Bethell's* case, 1 Selk., 348, it was said that "where a commitment was without cause, a prisoner may be delivered by habeas corpus; but where there appears to be a good cause, and a defect only in the form of commitment, as in this case, he ought not to be discharged."

*Writ discharged.*

*Petitioner remanded to the custody of the jailer in execution of sentence.*