THE PEOPLE OF THE STATE OF NEW YORK ex rel. GUSTAVE RIESNER, Respondent, v. NEW YORK NURSERY AND CHILD'S HOSPITAL, Appellant.

Second Department, January 28, 1920.

**Habeas corpus to review legality of commitment of children — purpose of writ — sufficiency of commitment.**

A writ of habeas corpus to review the legality of the commitment of infants to an institution does not invoke the chancery powers of the Supreme Court over the custody of infants except in the case specially prescribed by statute.

It is a plain implication of section 486 of the Penal Law that the commitment has a function to express a judgment of the court. It should state that " either parent, or any guardian or custodian of such child " was present on the examination or had notice thereof and also the facts upon which the commitment is based.

Although proceedings for the commitment of infants are in a measure informal yet the proper elements of a judicial proceeding should be present in order to confer jurisdiction to support the judgment, viz., notice to the parent or guardian, and opportunity given to be heard, and a hearing upon evidence.

Where it is stated in the transcript annexed to the return that the parents appeared by attorney, but it appears that the witnesses were the two infants — one three years of age and the other not quite two years of age — an order sustaining a writ of habeas corpus discharging the infants from custody should be affirmed.

APPEAL by the defendant, New York Nursery and Child's Hospital, from an order of the Supreme Court, made at the Kings County Special Term and entered in the office of the clerk of the county of Kings on the 4th day of June, 1919, sustaining a writ of habeas corpus discharging two infants from the custody of the defendant and committing them to the care of their maternal grandmother.

*Jackson A. Dykman,* for the appellant.

*Charles L. Meckenberg,* for the respondent.

PER CURIAM:

It is elementary that the province of the writ of habeas corpus is to bring up for review the legality of the commitment only, and not to invoke the chancery powers of the Supreme Court over the custody of infants except in the case specially prescribed by statute.

We think the plain implication of the statute (Penal Law, § 486) is that the commitment has a function to express a judgment of the court, and in this respect differs from the mittimus considered in *People ex rel. Trainor* v. *Baker* (89 N. Y. 460). It should state that " either parent, or any guardian or custodian of such child," was present on the examination or had notice thereof and also the facts upon which the commitment is based. In both these respects the commitment is defective.

It is true that if a commitment is adjudged defective a

new one may be made.  But no new one was made in this case; and, as appears from the return and the documents thereto annexed, a sufficient one could not be made; for, although it is stated in the transcript of the proceedings annexed to the return that the parents appeared by attorney, yet it also appears that the children were arraigned on April 25, 1919, and the hearing and judgment had on the same day, and that the witnesses were the two infants — one three years of age and the other not quite two years of age.  Although proceedings of this nature are in a measure informal, yet the proper elements of a judicial proceeding should be present in order to confer jurisdiction to support the judgment, viz., notice to the parent or guardian, and opportunity given to be heard, and a hearing upon evidence.  In view of the state of the record it is not a case to be sent back for a new commitment, but the order should be affirmed.

The defendant is not interested in the provisions of the order regarding the custody of the infants subsequently to their discharge from its custody.

The final order should be affirmed, without costs.

JENKS, P. J., RICH, PUTNAM, BLACKMAR and JAYCOX, JJ., concur.

Final order affirmed, without costs.