## HERMAN LEIFERT *vs.* FRANK H. TURKINGTON, SHERIFF OF LITCHFIELD COUNTY.

MALTBIE, C. J., HAINES, HINMAN, BANKS and AVERY, Js.

Argued October 5th—decided November 8th, 1932.

*Thomas F. Wall,* for the appellant (petitioner).

*J. Howard Roberts,* for the appellee (respondent).

AVERY, J. From the pleadings in this case, it appears that on June 2d, 1932, Herman Leifert was presented before a justice of the peace in the town of Goshen upon a grand juror's complaint, charging him with beating his daughter in violation of General Statutes, § 6061, entitled "Cruelty to persons." At the conclusion of the hearing, the justice sentenced him to thirty days in the county jail at Litchfield and fined him $100 and costs. On the same day, execution of the sentence was ordered suspended until his daughter could be placed permanently in a home. June 13th, 1932, the justice ordered the fine remitted and issued a mittimus to the sheriff of Litchfield County, directing his confinement in the county jail for a period of thirty days, and until the costs of prosecution were paid. On the same day, Leifert petitioned the Court of Common Pleas for Litchfield County for his release, claiming that he was unlawfully detained by the sheriff of the county.

The appeal advances three claims: (1) That the justice of the peace was not authorized to take final jurisdiction in the matter; (2) that the judgment was beyond his jurisdiction and void; (3) that he had no right to suspend the sentence and afterward issue a mittimus. The complaint against the petitioner was brought under General Statutes, § 6061. A violation of this section is punishable by a fine of not more than $500 or imprisonment for not more than one year or both. The claim of the petitioner is that the justice

of the peace could not take final jurisdiction of a complaint charging a breach of this statute, because of the provisions of General Statutes, § 6396, which provides that "no justice of the peace shall have final jurisdiction of any prosecution for crime, the punishment for which may be imprisonment in the state prison." General Statutes, § 6508, provides that "punishment by imprisonment, when not otherwise provided, shall be in the jail of the county in which the offense was committed or in the state prison, but any sentence of confinement in the state prison shall be for the period of at least one year and, whenever the punishment provided in any statute may be confinement in the state prison for a period of less than one year, the court pronouncing judgment may sentence the accused to imprisonment in jail for not more than one year nor less than forty days." The claim of the petitioner is that as § 6061 provides that a person violating its provisions may be "imprisoned not more than one year," such person may be imprisoned under this statute in the state prison; and, therefore, an offense under this statute is one of which a justice of the peace cannot take final jurisdiction under General Statutes, § 6396. This claim of the petitioner overlooks the provisions of the indeterminate sentence law, General Statutes, § 6507, first enacted in 1901, which provides that "when any person shall be sentenced to the state prison, otherwise than for life or in connection with a sentence of execution for a capital offense, the court imposing the sentence shall establish a maximum and minimum term for which such convict may be held in said prison. The maximum term shall not be longer than the maximum term of imprisonment prescribed by law as a penalty for such offense, and the minimum term shall not be less than one year; . . ." In *State* v. *McGuire*, 84 Conn. 470, 477, 80 Atl. 761, we stated

that "the purpose of the Act doubtless was to encourage and hold out hope to the convict that by good conduct and reform he may secure his liberty after the expiration of a minimum term, or at most before he had served the maximum sentence. . . . The purpose and effect of the indeterminate sentence law was to prevent the fixing of a determinate sentence by the court which sentenced the convict. It was bound to fix a minimum as well as a maximum term." As the maximum sentence for the offense of which the petitioner was charged is imprisonment for one year and the minimum sentence for which he could be committed to state prison is one year, it is obvious that the purpose of the indeterminate sentence law could not be carried into effect if a sentence was imposed having a maximum and minimum of one year. A sentence in which the maximum and minimum period of confinement expire at the same time would be for a definite period, and would not comply with either the letter or spirit of the indeterminate sentence law. *Ex parte Collins,* 51 Mont. 215, 152 Pac. 40, 41; *In re Cummins,* 138 Mich. 39, 100 N. W. 1008; *Sanders* v. *State,* 19 Ala. App. 367, 97 So. 294, 295. We conclude, therefore, that the justice of the peace had final jurisdiction of an offense charging a violation of General Statutes, § 6061, as the maximum sentence which could be imposed under this section is a year in jail and could not be to the state prison.

The sentence of the justice was thirty days in jail and a fine of $100. He had the power to impose a sentence of thirty days in jail, but as he could not impose a fine of more than $25 (General Statutes, §§ 6392, 6396) the fine of $100 was clearly in excess of his power. The great weight of authority is to the effect that a sentence which imposes a punishment in excess of the power of the court is not necessarily void

*in toto,* but is valid when severable to the extent that the court had power to impose it although void as to the excess; and, if the sentence is severable, the prisoner should not be discharged on habeas corpus until he has served the valid part of the sentence. *Wallace* v. *White,* 115 Me 513, 99 Atl. 452, 454; *People ex rel. Trainor v. Baker,* 89 N. Y. 460, 467; *In re Swan,* 150 U. S. 637, 653, 14 Sup. Ct. 225; *Sennott's Case,* 146 Mass. 489, 492, 16 N. E. 448; *In re Taylor,* 7 S. D. 382, 64 N. W. 253, 254; *Ex parte Mitchell,* 70 Cal. 1, 11 Pac. 488; 12 R. C. L. 1208; 29 C. J. 59. The illegal part of the sentence, imposing the fine upon the petitioner, is clearly severable from the legal part, ordering his confinement in jail for thirty days, and the petitioner is consequently not entitled to be discharged upon habeas corpus until he has served that part of the sentence which was legally imposed upon him.

It is stated in the brief of both parties that a justice of the peace is without power to suspend a sentence he has imposed. See *Alcorn* v. *Fellows,* 102 Conn. 22, 127 Atl. 911. If that is so, the attempt to suspend the sentence in this case was a nullity, the valid part of the judgment was not affected by it, and a mittimus for its execution might properly issue. *Morgan* v. *Adams,* 226 Fed. 719, and cases cited; *Spencer* v. *State,* 125 Tenn. 64, 79, 140 S. W. 597; *Reese v. Olsen,* 44 Utah, 318, 322, 139 Pac. 941; *Davis* v. *State,* 169 Ark. 932, 937, 277 S. W. 5; *Hopkins* v. *North,* 151 Md. 553, 556, 135 Atl. 367; *Ex parte Thornberry,* 300 Mo. 661, 672, 254 S. W. 1087; *Ex parte Fisher,* 95 W. Va. 397, 401, 121 S. E. 287; *Egbert* v. *Tauer,* 191 Ind. 547, 132 N. E. 370.

The claim of the petitioner that the justice could not issue a mittimus upon June 13th, eleven days after the hearing, is without merit. The issuance of a mittimus in such a case is a ministerial and not a judicial act.

*Alcorn* v. *Fellows*, 102 Conn. 22, 33, 127 Atl. 911.  The mittimus in this case covered only the valid part of the judgment.

There is no error.

In this opinion the other judges concurred.