# CHESTER F. RENNICK

vs.

## RALPH H. WALKER, WARDEN

(Application for Writ of Habeas Corpus)

Superior Court      Hartford County      File #55517

Present: Hon. EDWARD J. QUINLAN, Judge.

Chester F. Rennick, pro se.

See, also, **Rennick vs. Walker**, page 259, supra.

## MEMORANDUM FILED FEBRUARY 17, 1937.

QUINLAN, J. The relator previously had two writs on the same or similar questions to those now presented.

At this time the claim concerning the statute of limitations has been abandoned. He still insists that he is illegally detained due to what has already been held to be an erroneous sentence upon the first count. On the first count he was sentenced "for the period of not less than one year and not more than five years"; and three years on the second count. This was on June 13, 1933.

The time limited for a writ of error having passed at the time of his first application for a writ of habeas corpus this Court is left with the question of the effect of the erroneous sentence upon his present detention. I agree with the decision rendered by the Court (Hon. John Rufus Booth, J.) wherein it held the excessive portion of the sentence to be alone erroneous and not void, in such a sense as to be available on habeas corpus, at least until after the valid portion had been executed.

**Leifert vs. Turkington, 115 Conn., 600.**

As the excessive portion of the sentence is severable from that legally imposed there would still be a balance left even

allowing for good behavior allowance.

This is so because although not specified whether the sentence was to run concurrently or consecutively, the effect of fixing merely a maximum for the sentence on one count (the second) was in itself an order that the sentence on such count should run consecutively and not concurrently with the sentence upon the other. The result is that although there was one year excessive sentence on the first count the sentence as imposed requires that the relator should be confined not less than one year nor more than seven years on both counts. Even with the allowance for good behavior provided by law, this time has not elapsed and the relator is not illegally confined and this writ of habeas corpus is denied, and he is remanded to the custody of the respondent to be proceeded against according to law for the offenses of which he was convicted.