MARION GARROW, as Administratrix of the Estate of ANGUS J. GARROW, Deceased, Respondent, v. ALUMINUM COMPANY OF AMERICA et al., Appellants.— Appeal by defendants from an order of Supreme Court made at Onondaga Special Term and entered in the St. Lawrence County clerk's office October 11, 1943, denying motion by defendants for an order to bring in National Valve and Manufacturing Company as a party defendant under subdivision 2 of section 193 of the Civil Practice Act. Order affirmed, with twenty-five dollars costs and disbursements. All concur.

THE PEOPLE OF THE STATE OF NEW YORK ex rel. THOMAS CALLANAN, Appellant, against VERNON A. MORHOUS, as Warden of Great Meadow Prison, Respondent.— Relator has appealed from an order of the County Judge of Washington County dismissing a writ of habeas corpus. Relator was convicted on his plea of guilty of the crime of robbery, third degree, as a second offender, in the Court of General Sessions of the County of New York. He was sentenced to be confined in prison for fifteen years. Through some clerical error the judgment showed that five years of the fifteen were imposed because he was armed with a weapon at the time. Relator applied to the court who pronounced the judgment for correction of the sentence. The Judge of that court stated that it was a mistake in the clerk's record and that the original sentence of fifteen years was correct. The Trial Judge directed the entry of a corrected judgment. Relator contends that the court had no authority to do so. Order affirmed, without costs, on the authority of *People ex rel. Trainor* v. *Baker* (89 N. Y. 460). All concur.

WINIFRED D. FLYNN, Respondent, v. ROYAL DEVELOPMENT COMPANY, Appellant, and Twenty-Two Other Actions against Same Defendant-Appellant.— Motion for leave to appeal to the Court of Appeals denied, with ten dollars costs. [See *ante,* p. 935.] All concur.

In the Matter of SOLOMON GANZ, Petitioner, against BOARD OF REGENTS OF THE UNIVERSITY OF THE STATE OF NEW YORK, Respondent.— Review under article 78 of the Civil Practice Act of a final determination and order of the Board of Regents of the University of the State of New York suspending petitioner's license to practice medicine for the period of one year. The Board of Regents has accepted and sustained the determination of the Medical Committee on Grievances unanimously sustaining a finding by its subcommittee that petitioner was guilty of having performed a criminal abortion. A careful examination of the testimony convinces the court that petitioner did actually perform such an abortion. There are certain extenuating circumstances and there is some proof that a therapeutic abortion would have been proper in this instance. Petitioner claims he performed a curettage upon the assumption that the patient had aborted or was about to abort. This assumption was not confirmed by any other physician's opinion and the proof in this regard is not strong enough to overcome the evidence that the abortion was criminal. Determination confirmed, without costs. All concur. [See 268 App. Div. 804.]