EDDIE V. JACQUES

*vs.*

JAMES LASSITER, SHERIFF

Oxford.    Opinion, July 3, 1958.

*Merton E. Rawson, Jr.,* for plaintiff.

*George C. West,* for defendant.

SITTING: WILLIAMSON, C. J., WEBBER, TAPLEY, SULLIVAN, DUBORD, SIDDALL, JJ.

TAPLEY, J. On exceptions. Application for writ of habeas corpus was presented to the justice below on an agreed statement of facts. The facts demonstrate that one Annette Jacques obtained a decree of divorce from the bonds

of matrimony from the petitioner, Eddie Jacques, at the March Term of the Superior Court, within and for the County of Androscoggin, and that the decree was issued March 11, 1948. Eddie Jacques, by the terms of the decree, was ordered to contribute financially to the care and support of his minor children. In April of 1956 Annette Jacques brought a petition for execution, complaining that her former husband was then in arrears in the sum of $343.50 and prayed that, after due notice and hearing on her petition, her former husband be adjudged in arrears and that execution should issue against him. On August 20, 1956 the presiding Justice of the Superior Court adjudged Eddie Jacques as being in arrears in the amount of $343.50 and ordered execution to issue in this amount, whereupon a capias execution was issued from the Androscoggin County Superior Court and after some renewals of this execution it was forwarded to the sheriff, within and for the County of Oxford, with indorsement to collect, secure or commit. Eddie Jacques, on December 9, 1957, by force and virtue of this capias execution, was arrested and imprisoned in the Oxford County jail. This incarceration was followed by a petition on the part of Eddie Jacques for a writ of habeas corpus addressed to a Justice of the Superior Court in vacation. A hearing was had on the application for a writ of habeas corpus, which resulted in a denial of the writ, to which exceptions were taken.

The gist of the petitioner's complaint is that he was committed to the Oxford County jail, being a jail not contained within the county from which the execution was issued and thereby he was illegally committed and restrained of his liberty. A further contention on the part of the petitioner is that the capias execution is not valid without the bounds of Androscoggin County where it was originally issued and, therefore, the arrest and subsequent confinement is unlawful. The manner and circumstances of the arrest or the authority of the arresting officer are not subjects of habeas

corpus. In this case the proceedings direct attention to the judgment of the court and the confinement based upon the judgment. *Wallace* v. *White,* 115 Me. 513. There is no contention that the capias execution was not properly issued on the judgment. The proceedings under which the judgment was obtained are to be found in Sec. 64 of Chap. 166, R. S., 1954, as amended by P. L., 1955. The pertinent portion of Sec. 64 reads:

> "At the time of making a final decree in any divorce action, the court may order that execution and such reasonable attorney's fee as the court shall order shall issue against the body of any party to the action charged with the payment of support of minor children or payments of alimony or a specific sum in lieu thereof, upon default of any payment, and the court shall order that the clerk of said court shall issue such execution. When the husband or father is committed to jail on execution issued upon decree of alimony, or for payment of money instead thereof, or for the support of his minor children, or for support pending libel, or for payment of counsel fees, the county having jurisdiction of the process shall bear the expense of his support and commitment - - - - -."

This section confers jurisdiction on the court and authorizes issuance of the capias execution based on the judgment. This jurisdiction of the Superior Court encompasses the 16 Counties of the State and the process issued shall be obeyed and executed throughout the State. Sec. 9, Chap. 106, R. S., 1954. See also *Belfast* v. *Bath,* 137 Me. 91.

The petitioner argues that he should be confined in the jail of the county of original jurisdiction and says that the Legislature so intended when Sec. 64, Chap. 166, R. S., 1954, as amended, was enacted. With this interpretation, we cannot agree. Sec. 64 contains the following provision:

> "When the husband or father is committed to jail on execution issued upon decree of alimony, or for

payment of money instead thereof, or for the support of his minor children, or for support pending libel, or for payment of counsel fees, *the county having jurisdiction of the process shall bear the expense of his support and commitment - - - -."* (Emphasis ours.)

This provision requiring the expenses of payment for support of one confined in jail under provisions of Sec. 64 by the county having jurisdiction of the process may reasonably be interpreted as indicating an intent on the part of the Legislature that any jail within the confines of the State could be used for the purpose of incarceration under provisions of the section.

The proceedings of habeas corpus are restricted and primarily concern the judgment of the court. If the court has jurisdiction of the cause and of the person, habeas corpus does not lie. In the instant case, the court had jurisdiction over the person and the cause.

"The judgment is the real thing, the precept is not. The important question on habeas corpus is, is the prisoner in the custody where the judgment commanded him to be put, and not how he was taken into custody." *Wallace* v. *White, supra.*

The commitment and confinement of the petitioner are legal and valid.

*Exceptions overruled.*