## SANDERS v. STATE. (4 Div. 753.)

(Court of Appeals of Alabama. July 14, 1923.)

1. Homicide ⊚⟳174(2)—Evidence of assaulted person's condition 40 minutes after shooting held admissible.

On trial for assault with intent to murder, testimony as to condition of the assaulted man when witness reached scene of shooting, about 40 minutes after it took place, was admissible as tending to show extent of his injuries.

2. Homicide ⊚⟳174(6)—Evidence as to defendant's possession of gun when witness reached scene of shooting held admissible.

On trial for assault with intent to murder, evidence that, when witness reached scene of shooting, defendant, with shotgun in his hand, was standing a short distance from the assaulted man, was admissible.

3. Homicide ⊚⟳174(6)—Evidence that witness had pistol and that accused saw this held inadmissible.

On trial for assault with intent to murder, evidence that, when witness demanded that defendant surrender his gun, following the shooting, witness had pistol, or that defendant saw he had pistol, was immaterial and inadmissible.

4. Criminal law ⊚⟳448(4) — Witness cannot testify that defendant saw witness had a pistol.

Testimony that, when witness demanded that defendant surrender his gun, defendant saw witness had pistol, was objectionable as a conclusion, as witness may not give opinion as to what defendant saw, but may only state the facts, and leave resulting conclusion to jury.

5. Criminal law ⊚⟳695(2)—General objection properly overruled, when testimony not palpably inadmissible.

When questions elicit testimony which is not patently and palpably inadmissible for any purpose, general objection is properly overruled.

6. Homicide ⊚⟳157(3) — Details of previous difficulty inadmissible.

Testimony that, on night before alleged assault with intent to murder, the assaulted person was running after defendant, was inadmissible, as relating to details of previous difficulty.

7. Criminal law ⊚⟳871(2) — Verdict may be announced ore tenus or on paper, and need not be signed by foreman.

It was not essential to verdict that it be signed by one juror as foreman, and jury may announce verdict ore tenus or on paper.

8. Criminal law ⊚⟳1142—Recital in judgment as to verdict prima facie correct.

Recital contained in judgment as to verdict returned is prima facie correct.

9. Criminal Law ⊚⟳991(3), — Sentence with same minimum and maximum term erroneous.

Under Acts 1919, p. 148, § 2, requiring indeterminate sentences, it was error to fix the same period as the minimum and maximum term.

Appeal from Circuit Court, Barbour County; J. S. Williams, Judge.

John Sanders was convicted of assault with intent to murder, and appeals. Judgment affirmed; remanded for proper sentence.

McDowell & McDowell, of Eufaula, for appellant.

Counsel argue for error in the rulings on the trial, but cite no authorities.

Harwell G. Davis, Atty. Gen., and Lamar Field, Asst. Atty. Gen., for the State.

Testimony as to the extent of injury to the person assaulted is admissible. Little v. State, 18 Ala. App. 98, 89 South. 303. It is not permissible to show the details of a former difficulty. 1 Mayf. Dig. 331.

FOSTER, J. The defendant, appellant, was convicted of assault with intent to murder. The evidence for the state was directed to showing that Jim Smith was hitching two mules to a wagon, and that defendant passed him a short distance and without provocation turned and shot him twice with a gun.

[1] The defendant contended that Jim Smith had made threats to kill him, that Smith provoked the difficulty and "broke after the defendant," that defendant ran a short distance, and, looking back, saw Jim Smith following him with his hand in his bosom, cursing him, and telling him he was going to kill him, and that defendant turned and shot Smith. It was competent to show by the witness Long the condition of Jim Smith, the injured man, after he [Long] reached the scene of the difficulty about 40 minutes after the shooting, as tending to show the extent of the injuries. Little v. State, 18 Ala. App. 98, 89 South. 303.

[2] It was competent to show that, when witness Long came upon the scene, the defendant, with a shotgun in his hand, was standing a short distance away from the injured man. Evidence of the conduct, demeanor, acts, expressions, or appearance of the accused, shortly before, at the time of, and shortly after the alleged crime, are admissible against him. Maddox v. State, 159 Ala. 53, 48 South. 689; 4 Michie's Ala. Dig. p. 183, § 258 (1 b a).

[3, 4] What Long had at the time he demanded that the defendant surrender the gun to Sylvester, and the statement of Long that "he saw I had a pistol" were immaterial and inadmissible, and the latter statement was objectionable, because it was a mere conclusion of the witness. A witness

may not give his opinion as to what the defendant saw. The facts on which the witness formed his opinion should have been stated and the resulting conclusion was in the exclusive province of the jury. Bailey v. State, 107 Ala. 151, 18 South. 234.

[5] A general objection was interposed to each of the questions. When the questions elicit testimony which is not patently and palpably inadmissible for any purpose, without special objection pointing out the grounds of its irrelevancy or illegality, the general objection to the question is properly overruled. Washington v. State, 106 Ala. 61, 17 South. 546; Gunter v. State, 111 Ala. 23, 20 South. 632, 56 Am. St. Rep. 17; Nickerson v. State, 6 Ala. App. 27, 60 South. 446.

[6] Evidence of a previous difficulty between the defendant and the injured party is admissible, but the particulars or merits of that difficulty cannot be inquired into. It was not permissible to show that the injured party was running after the defendant the night before the difficulty, as this was an inquiry about the details of the previous difficulty. Martin v. State, 77 Ala. 1; 1 Mayf. Dig. p. 331, § 383.

[7, 8] The verdict of the jury was as follows:

"We, the jury, find the defendant guilty as charged.                     John M. Cade."

The defendant excepted to the verdict. It was not essential to the verdict that it be signed by one of the jurors as foreman. The jury may announce it to the court ore tenus or upon paper, and the recital contained in the judgment is prima facie correct. The verdict was sufficient. State v. Underwood, 2 Ala. 744.

[9] Section 2 of An Act of the Legislature of Alabama of 1919 (Acts 1919, p. 148) provides:

"That, in all cases in which the punishment fixed by the statute is imprisonment in the penitentiary, and in which a maximum and a minimum term is prescribed, the court shall pronounce upon the defendant an indeterminate sentence of imprisonment in the penitentiary for a term not less than the minimum and not greater than the maximum fixed by the statute for such offense, stating in such sentence the minimum and maximum limits thereof."

The sentence imposed by the court upon the defendant was for a term, of "not less than 24 months nor more than 24 months," in the penitentiary. The sentence is for a definite and fixed time, and not indeterminate, as required by the act of 1919, supra. A sentence making the minimum and the maximum limit the same does not comply with the law.

The judgment of conviction is affirmed, and the cause is remanded for proper sentence.