191 So. 268

**ALLBRITTON v. STATE.**

**6 Div. 188.**

Court of Appeals of Alabama.

May 16, 1939.

Rehearing Denied June 6, 1939.

Beddow, Ray & Jones, of Birmingham, for appellant.

2

Thos. S. Lawson, Atty. Gen., and Prime F. Osborn, III, Asst. Atty. Gen., for the State.

SAMFORD, Judge.

The indictment in this case was for murder in the first degree. On the trial, and after a charge to the jury defining the various degrees of homicide, the jury returned the verdict finding the defendant guilty of manslaughter in the first degree, and fixing the punishment at seven years in the penitentiary.

The record in this case is contained in a transcript of 125 pages, in which appears a large number of objections and exceptions in the introduction of testimony. Many of these were captious; many were without merit. Some of the objections and exceptions appear to have constituted technical error, but were of such a nature as not to be cause for reversal, in view of Supreme Court Rule 45 which provides, that upon consideration of the whole evidence if the rulings of the court did not injuriously affect the substantial rights of a defendant then on trial, a reversal could not be had.

As to the noted objections and exceptions hereinabove referred to, we do not discuss them in detail for the reasons above given. Appellant's counsel, who maintained an able and strenuous defense throughout the trial, by their brief on this appeal seemed to have reached the same conclusion as above indicated by their brief, filed on appeal, in which they present the two questions of serious moment, which this Court proceeds to consider.

We may say, however, that the record in its entirety discloses a very strenuous trial and intense interest, both in the vigor of the prosecution and the conduct of the defense, which fact is to be considered by us in passing upon the two questions which shall herein follow.

On the examination of the defendant, when being examined as a witness in his own behalf, the Solicitor was permitted, over timely objections and exceptions, to inject into the case a fact that the defendant was a member of a Labor Union and the deceased was not; that the defendant and deceased had several difficulties prior to the homicide dating back as far as 1933 and 1934, and that the last of these difficulties grew out of the fact that defendant was accused by the deceased of being a "scab", a strike breaker, and unfriendly to the Union.

It is a fact known to all men at all versed in the conditions of this country, that the feeling between "Union Labor" and so called "scabs" is very tense and at times breaks out into open violence. The fact that this defendant was a member of the "Miners' Union", and the fact the deceased was a "Non-Union Man" or "scab", as testified to by the witness, were both illegal and immaterial to any issue involved in this case, and its admission was error.

It was relevant and competent for the State to prove that the deceased and defendant had had three difficulties, but it was error to permit the State to prove the details of the beginning and the cause of these difficulties. No principle of law is better settled than that in a homicide case the State may show the fact of a former difficulty between decedent and defendant to prove malice; but, the details of such difficulties may not be proven. 11 Ala.Digest, Homicide, ⊕157(3).

It is insisted by the Attorney General that: "A case will not be reversed for improper remarks of counsel when no in-

jury is shown to have resulted therefrom. Admitting for the moment that the solicitor may have been over-zealous in his questioning of the defendant, he did not, as the record will clearly show, commit any act or make any statement prejudicial to the point of illegality to the defendant." The Solicitor in the examination of the defendant as a witness not only was over-zealous in such examination, but he went beyond the legal rights of the State by injecting into the trial the question of "Union Labor" and "Non-Union Labor" in such manner as to seriously prejudice the defendant's rights.

It is next insisted by the appellant that the court committed error in permitting proof of the finding of some squirrel shot or bird shot at the place where the homicide was committed. This homicide occurred on Sunday afternoon, June 17, on a railroad track near West Sayre, Alabama. The body was found after dark lying between the rails with a wound in the back, from either bird shot or squirrel shot, extending over an area of fifteen inches and striking the body in the rear over the left loin. A second wound was from a gun shot wound in the left temple, passing entirely through the head. At the time the body was found it was dark and the person present had no lights other than the lights from an automobile parked near the scene and headed in that direction. The place where the body was found was marked, and the next day parties viewing the locus in quo found several bird shots or squirrel shots sticking in a cross-tie where the body of deceased was found. These shots gave evidence as having been fired from a shot-gun. Subsequent to the finding of the shots by the first viewers, other witnesses testified to having seen the shots over a period of two or three days. The defendant objected and reserved exceptions to the rulings of the Court admitting testimony as to the finding of the shots as above indicated.

There was but one eye witness to the homicide, who testified that Wood, the deceased, was walking along the railroad track towards Birmingham, Alabama, and the defendant was following him, having in his hand a double-barrel gun. When the defendant was in about twenty feet from deceased he shot deceased in the back and when deceased fell, defendant walked closer and fired another shot while deceased was lying on the ground.

The testimony of this State's witness was attacked in various ways, and it is insisted by the appellant that his testimony was thoroughly impeached. The State offered testimony corroborating this witness and the evidence of the finding of the shots was a part of this corroboratory evidence. It was very material and important as tending to prove the truth of the testimony of the State's eye witness.

It is insisted on the part of appellant that the evidence of the finding of the shots is too remote; but, we are of a contrary opinion. The place of the homicide being fully identified, and the shots being found on the next day while the locus in quo was being viewed by witnesses, was so closely connected with the killing as to be relevant evidence. Harris v. State, 8 Ala. App. 33, 62 So. 477; Reynolds v. State, 24 Ala.App. 249, 134 So. 815. The probative force of this evidence is for the jury.

The weakness of the State's case, and the over-whelming weight of evidence on the part of defendant, is urged by appellant; but, there is no motion for a new trial, and we are not called upon to pass upon this question further than to say, that the evidence was in conflict and that the Court very properly refused to give at the request of defendant the general affirmative charge in his behalf.

For the errors indicated in the foregoing opinion, the judgment is reversed and the cause is remanded.

Reversed and remanded.