194 So. 700

**CHANEY v. STATE.**

**8 Div. 720.**

Court of Appeals of Alabama.

Feb. 13, 1940.

Rehearing Denied March 12, 1940.

Henry D. Jones, of Florence, for appellant.

Thos. S. Lawson, Atty. Gen., and Francis M. Kohn, Asst. Atty. Gen., for the State.

PER CURIAM.

The evidence, as disclosed by this record, tends to prove that the defendant, the deceased, and several other men were congregated at an isolated place in the forest on a mountain near a whiskey still, that all of them were drinking "moonshine" whiskey. It appears that all of them were around a fire and, for one cause or another, there arose the difficulty which resulted in the fatal shooting of Joseph Camron, one of the party, by this defendant.

The issues were submitted to the jury, under a full and explicit charge of the court as to the law of the case. The finding of facts was for the jury and the court properly refused to give, at the request of defendant, the general charge, and, the evidence being in conflict, the court properly overruled the motion for a new trial on the ground that the verdict was contrary to the evidence.

At the beginning of the trial the following proceedings were had:

"The attorney for the defendant moved the Court to quash the jury venire in this cause and assigned the following grounds first. Said venire was not drawn according to law. 2. For that at the time when the regular jury became insufficient and other jurors were drawn to add to the regular jury such said special additional jurors were not drawn according to law. 3. For that there were insufficient regular jurors drawn on the regular venire this week of court and that thereafter other jurors were drawn which said additional jurors were not drawn according to law and consists of persons living more than five miles from Moulton, the County Seat.

4. For that when the regular jurors, the list of the regular jury were insufficient, other jurors were summoned living more than five miles from Moulton, the County Seat.

"In support of said motion the defendant at this time offered the following testimony:

"George Byars, Sheriff, being duly sworn, testified:

"Direct Examination

"I was in the building of the court house this morning when additional jurors were drawn to add to the jury list and the venire to serve during this week of court, except when the first six were drawn. I was present when two other jurors besides the first six were drawn. They were Glenn Etheridge and Willie R. Johnson, they were drawn and added to the regular venire to serve during this week of court. Glenn Etheridge was in the building when I saw him. I know where he lives. He lives at Town Creek. That is more than five miles from the court house. I reckon it is about 18 or 20 miles. He was here in the court room this morning.

"Cross Examination

"By the Solicitor: Ques. The list consists of 40 names and Mr. Etheridge and Mr. Johnson were the last two names you served? Wit. ans. Yes sir. And outside of Mr. Etheridge that would leave 39 names on the jury list. At the time these six were drawn to complete the venire my chief clerk, Roy Byars and also the clerk of the court were present and their names were drawn from the jury box in the presence of my deputy and the clerk in the main Court Room. Those two names are part of the 40 that are on the jury list now.

"The Court overruled the motion and the defendant then and there duly excepted."

The special juror added to the venire was qualified as a juror for Lawrence County. The only objection to this juror was that being drawn as a talesman he resided more than five miles from the court house. Section 8627 of the Code of 1923 is directory only to serve the convenience of the court and when a talesman drawn and summoned to serve as a juror is otherwise qualified, the fact that such talesman resides more than five miles from

the court house is not cause for challenge or reversal. Edwards v. State, 205 Ala. 160, 87 So. 179.

Refused Charge Z was properly refused. The duty to retreat rests on a defendant in a homicide case, unless the defendant was free from fault in bringing on the fatal difficulty and could not retreat without apparently increasing his peril. In addition to this, there must have appeared to him impending peril to his life or limb. 11 Alabama Digest, Homicide, ⊖300 (13).

Other questions raised have been examined and found to be without merit.

There is no error of a reversible nature. Let the judgment be affirmed.

Affirmed.

NOTE. The foregoing opinion was prepared by the late Judge SAMFORD. Since his untimely death, this court has considered this case En Banc. We are clear to the conclusion that said opinion is correct in all things; therefore, it is hereby approved and is made and adopted as the opinion of this court.

On Rehearing.

SIMPSON, Judge.

The evidence for the State, if believed beyond a reasonable doubt, was sufficient to sustain the verdict of conviction and the rulings of the court on the admissibility of the testimony were, in each instance, without prejudicial error.

The insistence that there was error, to the prejudice of appellant, in the refusal of his special written charge, "Z", is likewise without merit. This charge does state a correct principle of law, as was ably discussed by Justice Brown in Walker v. State, 220 Ala. 544, 126 So. 848, and the former opinion in this case, rendered per curiam, is modified to this extent. In the refusal of the trial court, however, to give this special written charge there was no prejudicial error. The doctrine sought to be elicited by the charge was completely and ably covered in the oral charge of the court. In fact, almost the exact language of special Charge "Z" was used by the court in this oral charge and, under Supreme Court Rule 45 and the rule of law, often announced by the appellate courts of this State, the error, if any, was harmless.

Opinion extended and application overruled.