29 So.2d 148

**ADAMS v. STATE.**

**7 Div. 868.**

Court of Appeals of Alabama.

Feb. 11, 1947.

A. A. Carmichael, Atty, Gen., and Jas. T. Hardin, Asst. Atty. Gen., for the State.

Rains & Rains, of Gadsden, for appellant.

## HARWOOD, Judge.

This appellant was indicted for murder in the first degree. He was by a jury found guilty of manslaughter in the first degree and his punishment fixed at imprisonment in the State penitentiary for a term of two years.

The evidence is undisputed that appellant killed the deceased by shooting him with a pistol. The appellant fired three times. Two of the bullets struck deceased. The appellant was in his automobile on a public road approximately in front of deceased's premises at the time he fired the shots.

The evidence presented by the State was directed toward showing that earlier on the day of the homicide the appellant had driven the deceased, Gus Martin, and

628

some members of Martin's family into Attalla on a shopping trip. They returned late in the afternoon to deceased's home. There an argument or disagreement occurred between the deceased and appellant. The trial court limited the testimony as to this prior difficulty strictly to the fact of such difficulty and sustained all objections of appellant as to questions going to the details thereof. In this the action of the court was correct. Stallworth v. State, 146 Ala. 8, 41 So. 184; Sanders v. State, 19 Ala.App. 367, 97 So. 294; Higdon v. State, 25 Ala. App. 209, 143 So. 213; Dodd v. State, ante, p. 504, 27 So.2d 259.

Appellant departed from deceased's premises, but after an interval of time said by some of the State's witnesses to have been between five and ten minutes, the appellant returned, stopping his automobile in the road in front of deceased's premises. With the motor of the automobile still running the appellant called to Ray Martin, a twenty-seven year old son of deceased's, "Lets go." The deceased who was on the porch of his home replied that Ray was not going. The appellant moved his car forward a short distance and deceased left the porch and started across his yard toward it. Appellant stopped the car and when deceased was within eight or ten feet of the car appellant fired three times at him with a pistol. The deceased was struck in the neck and chest, fell on the spot, and died within a few minutes. Appellant then drove away. When he was some distance down the road Ray Martin fired at the car with a shotgun. Several witnesses for the State testified that the appellant was alone in his car at the time of the shooting.

The testimony introduced in the trial below by the appellant was directed toward showing that when appellant drove back to in front of deceased's premises he was accompanied by his brother-in-law, Amos Holliday. According to these two, the appellant cut the motor of his automobile when stopped in front of deceased's house. Appellant then called to Ray Martin if he was ready to go, and upon the deceased calling back that Ray was not going appellant started his car and had moved it only a short distance when some one from the house called "Wait a minute." Appellant

brought the car to a stop. At this moment the deceased was observed about five feet away advancing rapidly toward the car, with a knife in his hand. The deceased called out to appellant he was going to cut his God damn head off, and thrusting his head and arms inside the car, struck and slashed at appellant. Appellant had moved to the opposite side of the car and onto Holliday's lap during this melee. Appellant opened the glove compartment of his automobile, procured his pistol, and began firing at deceased. The deceased then in a staggering walk went back toward his yard. Appellant drove off, and some one fired at his car with a shotgun.

The State, after having laid the proper predicate during the examination of the witness Holliday, as to the time, place, and persons present, introduced witnesses who testified to statements made by Holliday shortly after the shooting indicating he was not present at the time thereof.

 In many material aspects the evidence introduced by the State and by the defense is in hopeless conflict. The jury was the sole judge of its weight and sufficiency. The evidence introduced by the State was amply sufficient, if believed under the required rule, to support the verdict of the jury. The trial court therefore did not err in overruling the motion for a new trial on the ground that the verdict was not sustained by the great preponderance of the evidence. Martin v. State, 17 Ala.App. 73, 81 So. 851; Chaney v. State, 29 Ala.App. 225, 194 So. 700; Bryant v. State, 31 Ala. App. 355, 17 So.2d 427.

 Appellant's counsel argues that the lower court erred in sustaining the State's objection to the following question propounded on cross-examination to the State's witness Ray Martin: "Q. I'll ask you if your mother, on that occasion, there and then, didn't make this statement, or this in substance, that 'Ray, you've told the Sheriff enough. Horace had to do what he did?'"

An answer to the above question could have been admissible only on the theory that it was part of the res gestae. Since the undisputed evidence shows that the sheriff did not arrive on the scene of the killing until about two hours after its oc-

currence, we think it patent that such statement by Mrs. Martin could in nowise be considered a part of the res gestae. The trial court was therefore correct in sustaining the objection interposed by the State.

■■ There was no error in permitting the witness Dortch Greer to testify that he observed only one set of car tracks in the road at the scene of the killing and that these tracks were in about the center of the road. This witness arrived at the scene of the shooting shortly after it occurred. Such testimony had relative value when considered in relation to the location of deceased's body, and in a circumstantial way contributed to the jury's determination of the position of the appellant and deceased at the time of the shooting, and tended to shed light thereon. Holland v. State, 24 Ala.App. 199, 132 So. 601; Eden v. State, 24 Ala.App. 37, 129 So. 797; Allbritton v. State, 29 Ala.App. 1, 191 So. 268; Dodd v. State, supra. It was a question for the jury whether the probative value of this evidence was impaired by the fact that a number of witnesses had visited the scene before the witness arrived there. Harris v. State, 8 Ala.App. 33, 62 So. 477; Dodd v. State, supra.

■ The court properly sustained the State's objections to the questions propounded on cross-examination to the witness Ray Martin as to whether his father was not high tempered, fussy or quarrelsome.

While deceased's character and reputation for peace and quietude could properly have been shown, since appellant sought to justify the killing on the grounds of self-defense, no predicate for this type of evidence was in any way attempted, nor was the proper procedure for such a showing followed in questioning the witness Martin.

The record shows the following occurrence during the argument of the solicitor:

"Mr. Rains: Your Honor, I want to make a motion, if I may.

"The Court: All right, sir.

"Mr. Rains: I want to make a motion that this case be withdrawn from the jury and a mistrial entered, and as grounds therefor the unjust and unfair argument that's just been made by the Solicitor stating before the jury that he was shot in the leg, when there is no testimony in this record, as I remember it, to that effect. The only places the man was hit or shot, according to all the testimony, was up in the chest and in the neck. That is very prejudicial to the defendant.

"The Court: I overrule the motion.

"Mr. Rains: We except."

■ Pretermitting any discussion as to the fragmentary or uncertain character of the above motion, it is our opinion that no injury resulted to the appellant by the ruling of the court in this instance. To cause a reversal on error for improper statements by counsel in argument to the jury the statement must be made as of fact, and the fact stated must be unsupported by any evidence, and must be pertinent to the issue, or its natural tendency must be to influence the finding of the jury. Sharp v. State, 193 Ala. 22, 69 So. 122; Anderson v. State, 209 Ala. 36, 95 So. 171.

■ The undisputed evidence is that appellant fired at deceased three times. One bullet went through his neck, and another went into his chest. There was testimony that the third bullet went through deceased's trouser leg, but did not hit his leg. Merely because the solicitor said in his argument that deceased was shot in the leg, instead of in his trouser's leg, could not in our opinion reasonably be said to have any natural tendency to influence the finding of the jury in view of the undisputed nature of the wounds inflicted on deceased's body by the other two bullets fired at him by appellant.

■ In our opinion no error resulted because of the court's refusal to give certain charges requested in writing by the appellant. These charges were not numbered, so we will not attempt specific reference. We think it suffices to say that these charges were either abstract or substantially covered by the excellent oral charge of the court below, or by other written charges requested by the appellant and given by the court to the jury.

In our opinion this record is free from error affecting the substantial rights of this appellant and an affirmance is in order.

Affirmed.