22 N.J. Super. 40 (1952)
91 A.2d 623
THE STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT,
v.
KENNETH G. ROLESON, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Submitted September 8, 1952.
Decided October 6, 1952.
Before Judges McGEEHAN, BIGELOW and SMALLEY.
Mr. Kenneth G. Roleson, pro se, for the appellant.
Mr. Donald G. Collester, Prosecutor, Passaic County, for respondent.
*41 The opinion of the court was delivered by SMALLEY, J.S.C. (temporarily assigned).
Defendant-appellant is confined in the State's Prison Farm at Rahway. He appeals from the denial of his application for a writ of habeas corpus by the Mercer County Court.
The defendant was charged in 22 indictments for issuing and uttering "bad checks" in violation of R.S. 2:134-17. He was first arraigned on 21 of these indictments and pleaded "not guilty." On November 21, 1949 the State moved the 21 indictments for trial. Defendant retracted his former plea of "not guilty" and pleaded "non-vult" to all of these indictments.
On December 22, 1949 the Passaic County Court imposed the following sentences:
"On indictment No. 412  State Prison 1-2 years. Suspended. Fine $1,000, payable weekly on probation. Probation 5 years.
On indictments No. 413, 414, 415, 416, 417 and 418  State Prison 1-2 years to run consecutively on each indictment to follow in the order of their respective numbers.
On Indictments No. 419, 420, 421, 422, 425, 426, 427, 428, 429, 444, 524, 525, 526 and 527  State Prison 1-2 years to run concurrently with Indictment No. 418. Suspended and probation 5 years."
During all of these proceedings defendant was then represented by counsel. The practical result of the sentences as imposed placed defendant on probation for a period of 5 years and directed him to pay a fine of $1,000 in weekly installments during and over the period of probation.
As a result of an admitted violation of the probation and the failure to pay on the account of the fine, defendant was adjudged at a hearing of being in violation of his probation and thereupon sentenced on April 14, 1950 as follows:
"On Indictment No. 412  State Prison 1-1 year.
On Indictments No. 413, 414, 415, 416, 417 and 418  State Prison 1-1 year to run consecutively on each indictment to follow in the order of their respective numbers.
On Indictments No. 419, 420, 421, 422, 425, 426, 427, 428, 429, 444, 524, 525, 527 (1949), State Prison 1-1 year, each to run concurrently with Indictment No. 418."
*42 The fine of $1,000 as originally imposed was remitted on April 17, 1950.
Thereafter the defendant made application in the form of two letters dated April 3, 1951 and September 22, 1951 to the Superior Court of New Jersey, Mercer County, for a writ of habeas corpus, which applications were assigned to Judge Richard J. Hughes of the Mercer County Court for disposition.
The basis of the application for the writ of habeas corpus was that the sentences as imposed by the Passaic County Court were, in fact, illegal and in violation of the applicable statute, namely, R.S. 2:134-17 which provides a maximum penalty in such instances of one year. The defendant contends or describes these sentences as being seven in number ordered by the court to run consecutively, each being for a minimum of one year and a maximum of one year.
The point as to the illegality raised by the defendant is that these sentences were imposed under R.S. 2:192-4 which statute provides that all sentences to the New Jersey State Prison shall be for a maximum and minimum term and that the necessary implication must be that such minimum and maximum shall not be the same period of time.
On January 14, 1952 Judge Hughes, finding no grounds for the issuing of the writ of habeas corpus, denied the application and so advised the defendant by letter memorandum, calling to the defendant's attention that if he felt that an illegal sentence had been imposed his remedy was by application to the Passaic County Court for the correction of the alleged illegal sentence under Rule 2:7-13.
The defendant then asked Judge Hughes to submit his application to the Passaic County Court. The judge graciously complied and forwarded the application to that court. The Passaic County Court took the matter under consideration and on March 11, 1952, by written opinion, denied the application for the correction of the alleged illegal sentences, holding that the sentences as imposed were, in fact, valid and that there was no prohibition that the minimum *43 could not be of the same duration as the maximum penalty imposed. Thereafter on March 17 and 21, 1952 defendant again made application to Judge Hughes of the Mercer County Court for a writ of habeas corpus. Again under date of March 27, 1952 the Mercer County Court denied defendant's application by letter memorandum, pointing out for the benefit of the defendant that nothing of factual merit to the previous applications had been submitted, that the Mercer County Court had no appellate jurisdiction over the Passaic County Court, and that the application contained nothing in which the issuance of the writ of habeas corpus could be granted. From such determination, defendant now appeals.
From such a state of facts the action of the Mercer County Court in denying the application for the writ of habeas corpus may not be disturbed. No jurisdictional question is involved. The defendant first pleaded "not guilty" to the indictments, then changed his plea to "non vult." He had counsel during these proceedings. He received a sentence that still allowed him his liberty but placed him on probation. He then violated his probation and received the sentences that he now says are in conflict with the statute. He then made his application to the Passaic County Court under Rule 2:7-13 which permits the correction of an illegal sentence at any time. When this application was determined contrary to defendant's contention, he again filed his application for the writ of habeas corpus, the denial of which he appeals.
We think that this court must at this point dismiss the appeal and sustain the action of the Mercer County Court.
We point out to the defendant that assuming he is correct in his contention that the sentence as imposed in the Passaic County Court was an illegal sentence, such sentence is not reviewable by habeas corpus, because if successful in his application under Rule 2:7-13, he may not be entitled to his immediate release but only to be re-sentenced. In re Kershner, 9 N.J. 471 (1952).
*44 However, we call to defendant's attention the fact that another part of this court, in State v. Moore, 21 N.J. Super. 419 (App. Div. 1952) has just dealt with the problem as to whether minimum and maximum sentences may be identical in time, and emphasize that if defendant wishes to initiate proceedings to accomplish the correction of the alleged illegal sentence, he must necessarily apply to the sentencing court. Failing to affect his purpose in that court, then his action, if any, is by appeal from such determination to this court and not by way of habeas corpus.
The action of the Mercer County Court in denying the application for the writ of habeas corpus is affirmed.
BIGELOW, J.A.D. (concurring).
I think that the case before us presents an exception to the general rule, stated in State v. Moore, supra, that the minimum term should not be identical with the maximum. Roleson was convicted of passing bad checks in violation of R.S. 2:134-17, which authorizes a maximum imprisonment of no longer than one year. Another statutory provision requires that the minimum be not less than one year. R.S. 2:192-4. If it was permissible to sentence Roleson to imprisonment in the State Prison, the sentence must impose both a maximum and a minimum term and the two provisions cited so operated as to require that the maximum and minimum be identical, namely, one year. Passaic County, the county where Roleson was convicted, has no penitentiary but uses its county jail as the place of confinement for minor offenders. Every person sentenced in that county to imprisonment for a term as long as one year must be sentenced to the State Prison. R.S. 2:192-3, as amended L. 1945, c. 153. Imprisonment in the State Prison may be more advantageous both to society and to the criminal than imprisonment for a shorter period in the county jail. In the State Prison, at the expiration of one-third of the maximum sentence, the prisoner is eligible for parole and must be brought before the Parole Board for consideration. N.J.S.A. 30:4-123.10. It seems to me *45 that the sentences imposed on Roleson were not erroneous or invalid and that we should not suggest that he renew his application to the county judge for the correction of his sentences.