24 N.J. Super. 444 (1953)
94 A.2d 845
STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT,
v.
JOHN LENKOWSKI, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued January 26, 1953.
Decided February 5, 1953.
*446 Before Judges EASTWOOD, BIGELOW, and JAYNE.
Mr. Joseph Butt argued the cause for appellant.
Mr. Benjamin Asbell, First Assistant Prosecutor of Camden County, argued the cause for respondent (Mr. Mitchell H. Cohen, Prosecutor of Camden County).
The opinion of the court was delivered by JAYNE, J.A.D.
It is a fundamental policy deeply cherished by those amenable to the jurisprudence of our nation that the portals of our courts are always open to those who are in captivity within their boundaries and have meritorious reason to assert that their confinement is attributable to their deprivation of our protective requirements of due process of law. The maintenance of the policy is essential to the preservation of personal liberty, although like the presumption of innocence it suffers from the erosions of the rising tide of crime.
Pursuant to a sentence imposed upon him in 1941 by the Court of Oyer and Terminer of Camden County for the commission of crime, the defendant has been and continues to be incarcerated in the New Jersey State Prison. On March 4, 1952 he presented a petition to the Mercer County Court requesting the issuance of a writ of habeas corpus by virtue of which the legality of his detention might be subjected to judicial inquiry. On April 14, 1952 his application for the issuance of the writ was denied and a hearing was not accorded him. He appeals.
We concern ourselves only with the propriety of the order declining to afford the defendant a hearing and in our *447 review, so confined, we direct our attention to the substantive and hypostatic allegations, if any, of the petition. Assuredly, to be entitled to a writ of habeas corpus the prisoner must allege facts which, if true, would warrant its issuance. Compare, In re Domako, 9 N.J. 443 (1952); State v. Moore, 21 N.J. Super. 419 (App. Div. 1952); State v. Roleson, 22 N.J. Super. 40 (App. Div. 1952). While it has been stated that the issuance of the writ is a matter of judicial discretion, its relation to the protection of personal liberty is so critical that where adequate cause is disclosed by the verified petition, the granting of the writ is recognized as a matter of right. Vide, 3 Bl. Comm. 133; In re Thompson, 85 N.J. Eq. 221 (Ch. 1915); In re Van Winkle, 3 N.J. 348 (1950); State v. Cynkowski, 10 N.J. 571 (1952); Const. 1947, Art. I, par. 14; R.S. 2:82-1, N.J.S. 2A:67-1. It is essentially a writ of inquiry.
In the present proceeding the petitioner under oath alleges that at the December term of the Court of Oyer and Terminer of Camden County he and four others were charged in the one indictment with the commission on December 24, 1939 of the crime of murder. This defendant was apprehended in 1941 in Philadelphia and upon a waiver of extradition was transported in custody to the Camden County Jail.
The further allegations of material significance contained in the petition are that following his arrest the prosecutor visited, conversed with and interrogated him in the county jail on approximately 15 different occasions at which he, the defendant, declared his innocence, and that it was during the period of those interviews that the prosecutor informed him that his presence with the others at the time of the commission of the crime made him equally responsible and that if he declined to admit his guilt he would "burn in the electric chair." The defendant avers that the prosecutor also stated to him that he possessed evidence to convict the defendant of robberies which would justify his imprisonment for life as an habitual offender, but upon an admission *448 of guilt under the indictment for murder he would receive a prison sentence not exceeding 30 years which for considerations of good behavior would "in all probability" require him "only to serve about 10 years."
The petition discloses that the defendant requested time to consider the remarks of the prosecutor and meanwhile counsel was appointed by the court to represent him, who subsequently advised him that his defense "was hopeless." It is asserted by the defendant that notwithstanding his innocence and in consequence of the representations made to him by the prosecutor and his court-appointed attorney, he resolved on September 12, 1941 in company with his attorney to enter a plea of non vult to the indictment for murder, whereupon he was sentenced to imprisonment at hard labor for the term of his natural life. Additionally the petition declares that prior to September 12, 1941 the four other defendants had been tried and three of them were acquitted, but it does not divulge whether this defendant was or was not aware of that event before the submission of his plea.
The present application was noticeably distinguishable in at least two particulars from those to which references have been made in some other recently reported decisions in that this petitioner was charged with a capital offense, his conviction of which might deprive him of his life. Man is easily persuaded to try most any exit other than through the open door of death. Then, too, this defendant claims that he is not guilty. Compare, State v. Miller, 16 N.J. Super. 251, 256 (App. Div. 1951). Worthy of some notice is the alleged circumstance that three of his associates were acquitted.
A hearing is not to be denied because the allegations of the petition are suspected to be the false and improbable products of a cultivated imagination or because the outcry comes too late. State v. Cynkowski, supra. The filing of a petition for a writ of habeas corpus is the equivalent of the institution of a suit to enforce a civil right. In re *449 Thompson, supra; State v. Common Pleas, 1 N.J. 14 (1948). The allegations in the petition are required to exhibit just cause for the issuance of the writ. In re Stegman, 112 N.J. Eq. 72, 76 (Ch. 1932). We perceive no reason why the general rule which requires the court in considering the sufficiency of a pleading to assume that all the factual allegations are true should be inapplicable to a petition in a proceeding of this character. Vide, Richards v. Collins, 45 N.J. Eq. 283 (E. & A. 1889). It was said in Williams v. Kaiser, 323 U.S. 471, 478, 65 S.Ct. 363, 89 L.Ed. 398 (1944): "The petition establishes on its face the deprivation of a federal right." Inmates of our prisons should be made aware of the likely consequences of presenting to the court a knowingly false petition under oath.
But considered abstractly, a consent to plead non vult to an indictment for murder without the presentation of any inculpatory evidence to the court and jury and thus avoid the possible penalty of death is a grave decision for a defendant to make and one which should not be permissively subjected to the psychological influence of a prosecuting official. The gravity of the violation of our concept of fairness, in its alleged setting, demands consideration. Cf. State v. Miller, 16 N.J. Super. 251 (App. Div. 1951), certiorari denied, 342 U.S. 934, 72 S.Ct. 379, 96 L.Ed. 293 (1952).
Here, as in other such cases, the burden of proof rests upon the defendant, and here it may eventuate that the allegations of the petition will at an oral hearing disappear like the shadow cast by a passing cloud, but we believe that the verified petition in the present proceeding discloses upon its face to a prima facie degree that the defendant who proclaims his innocence was induced to relinquish his right to a trial by jury and to enter the plea of non vult under circumstances which rendered its acceptance fundamentally unfair or shocking to a sense of justice. Cf. State v. Ballard, 15 N.J. Super. 417 (App. Div. 1951), affirmed 9 N.J. 402 (1952). In State v. Piracci, 14 N.J. Super. 319, 322 (App. Div. 1951) this court remarked:
*450 "The petition is inartistically drawn but the defendant is nevertheless, at this stage of the proceeding, afforded the benefit of its allegations and the reasonable inferences which might be drawn therefrom."
The order under review is reversed and the action is remanded with directions to issue the writ and proceed in pursuance thereof in accordance with the rules and practice of the court.