25 N.J. Super. 461 (1953)
96 A.2d 686
STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT,
v.
KENNETH G. ROLESON, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Submitted April 20, 1953.
Decided May 6, 1953.
*462 Before Judges EASTWOOD, BIGELOW and JAYNE.
Mr. Donald G. Collester, Prosecutor of Passaic County, for the respondent.
Mr. Kenneth G. Roleson, pro se, for the appellant.
The opinion of the court was delivered by BIGELOW, J.A.D.
Roleson was convicted on several indictments for passing bad checks in violation of R.S. 2:134-17 and was sentenced on each to imprisonment in State Prison for not less than one year nor more than one year. He first attacked, unsuccessfully, the sentences by habeas corpus. See State v. Roleson, 22 N.J. Super. 40 (App. Div. 1952). Then he applied to the County Court to correct the sentences, relying on the rule announced in State v. Moore, 21 N.J. Super. 419 (App. Div. 1952), that it is erroneous to impose a sentence in which the minimum and maximum terms were identical. His application was denied and he appeals.
Passaic County, the county where Roleson was convicted, has no penitentiary or workhouse, but uses its county jail as the place of confinement for minor offenders. Every person sentenced in that county to imprisonment for a term as long as one year, must be sentenced to the State Prison. R.S. 2:192-3, as amended L. 1945, c. 153. Our statute *463 R.S. 2:192-4 requires that all sentences to the State Prison shall be for a maximum and minimum term, except sentences for life, and that the minimum term be not less than one year. The statute which Roleson was convicted of violating, R.S. 2:134-17, authorizes imprisonment not exceeding one year. It was within the discretion of the sentencing judge to impose on Roleson a sentence of one year, but when he decided that that was the proper term, the statutes made mandatory that the imprisonment be in State Prison for neither less nor more than one year. The case presents an exception to the general rule of State v. Moore.
The order of the County Court is affirmed.